SALATHIEL MASTIN, Respondent, v. THE CITY OF NEW YORK,
                    Appellant.

Negligence — contributory negligence of person knocked down by
    city wagon while standing on curb with head covered by cloth
    while focusing camera.

In order to take a picture of a building, plaintiff placed his camera, which
    was supported by a tripod, on the sidewalk near the curb. The only
    vehicle which he then saw was the city ash cart, which subsequently
    struck him. This was standing about one hundred or one hundred and
    fifty feet down the street. The plaintiff stood right at the edge of the
    curb — he is not certain that one foot may not have projected over the
    curb into the highway — and covered his face with a dark cloth in order
    to focus the instrument. While his vision was thus obscured for a
    period of five minutes, the cart came along and some portion of the
    vehicle struck his hip and knocked him down into the gutter. *Held*,
    that he was guilty of contributory negligence as matter of law.
*Mastin* v. *City of New York*, 136 App. Div. 925, reversed.

(Argued December 14, 1910; decided February 14, 1911.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
February 2, 1910, affirming a judgment in favor of plaintiff
entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Archibald R. Watson*, Corporation Counsel (*James D.
Bell* of counsel), for appellant. There was an entire failure
of proof on the part of the plaintiff to show defendant's
negligence, or his own freedom from contributory negli-
gence, and the judgment entered upon the verdict cannot be
sustained. (*Birkett* v. *K. Ice Co.*, 110 N. Y. 504; *Hartfield*
v. *Roper*, 21 Wend. 614; *Brownell* v. *Flagler*, 5 Hill, 282;
*Smith* v. *Bailey*, 14 App. Div. 283; *Lyons* v. *Avis*, 5 App.
Div. 193; *Anselmen* v. *Daniell*, 4 Misc. Rep. 144; *Camp-
bell* v. *N. A. B. Co.*, 22 App. Div. 414; *Sullivan* v. *Brooks*,

6

8 Misc. Rep. 532; *Engelbach* v. *Ibert*, 10 Misc. Rep. 535; *Barrett* v. *Smith*, 128 N. Y. 607.)

*Martin T. Manton* for respondent.   The question of plaintiff's contributory negligence was a question of fact for the jury, and their verdict is in accord with the weight of evidence, and should stand.  (*Shaw* v. *New York City*, 83 App. Div. 212; *Shane* v. *Nat. Biscuit Co.*, 102 App. Div. 189; *Hinman* v. *Clark*, 121 App. Div. 106; *Smith* v. *Bailey*, 14 App. Div. 223; *Schaffer* v. *Baker Co.*, 39 App. Div. 459; *Murphy* v. *Weidman Cooperage Co.*, 1 App. Div. 283; *Anselmen* v. *Daniell*, 4 Misc. Rep. 144; *Norton* v. *Webber*, 69 App. Div. 130; *McDermott* v. *Straus*, 123 App. Div. 303; *Johnson* v. *Parker*, 28 N. Y. Supp. 146; *Maliza* v. *B. H. R. R. Co.*, 127 App. Div. 202; *Campbell* v. *Wood*, 22 App. Div. 599.)

WILLARD BARTLETT, J.   Unless the rule which requires affirmative proof of the absence of contributory negligence on the part of the plaintiff is to be ignored in actions to recover damages for personal injuries it seems to me that this judgment must be reversed.   As I view the evidence, not only was there a failure to furnish affirmative proof that the plaintiff was not himself at fault, as in the case of *Whalen* v. *Citizens' Gas Light Co.* (151 N. Y. 70), but the plaintiff's own testimony demonstrates his contributory negligence, as in the case of *Dolfini* v. *Erie R. R. Co.* (178 N. Y. 1).

The plaintiff, who was a photographer, was injured on Washington street, in the borough of Brooklyn, while engaged in taking a photograph of a building on that street.   He was struck by a wagon belonging to the street cleaning department of the city of New York.   The accident occurred between half-past one and two o'clock in the afternoon, on December 27, 1906.   In order to take the picture the plaintiff placed his camera, which was supported by a tripod, on the sidewalk near the curb.   The only vehicle which he then saw was the city ash cart which subsequently struck him.   This

was standing about one hundred or one hundred and fifty feet down the street. The plaintiff stood right at the edge of the curb — he is not certain that one foot may not have projected over the curb into the highway — and covered his face with a dark cloth in order to focus the instrument. While his vision was thus obscured the cart came along and some portion of the vehicle struck his hip and knocked him down into the gutter. From the time when he thus covered his head with the dark cloth until the ash cart collided with his body a period of five minutes elapsed during which he was practically blind to what was going on in the highway; and it is the fact that he voluntarily thus blinded himself for such a length of time in such a situation which seems to me conclusive evidence that he was guilty of contributory negligence as matter of law. To affirm this judgment would be to hold that it can be regarded as the act of a reasonably careful person to shut one's eyes and stand on the edge of a sidewalk in a busily-traveled public street in a great city for five minutes at a time. I do not think that any court has heretofore gone so far as to pronounce such conduct prudent.

I fix the time during which the plaintiff stood at the curb with the cloth over his head as five minutes, because the plaintiff repeatedly testified to that period as his best judgment. When he was asked by his own counsel how long he was under the cloth focusing the camera before the wagon struck him he answered: " Well, it takes from three to five minutes to focus on a building of that size. I couldn't tell exactly the time." He was then asked to give his best judgment, and said: " Well it was not over five minutes; it was the same ash cart that struck me that I saw down the street; there was no person on the wagon at all at the time." Again upon cross-examination he testified in reference to this matter of time as follows: " Q. Mr. Mastin, in this attitude with your camera pointing toward the store, the picture of which you were taking, as you were standing as you have stated, not remembering or not knowing, recalling at this time whether you were bending or whether one foot was or was not beyond the curb

and in the street, and the cloth over your head and face —
how long a time did that last, taking those things together? A.
Well, it takes, as I said, from three to five minutes to focus;
I couldn't tell you exactly the minute; I am quite sure that it
was not any longer than that; I saw the wagon standing per-
haps 100 to 150 feet down the street, as near as I could
judge." And still further on in the course of his cross-examina-
tion he repeated that it was not over five minutes during which
he had the cloth over his head before he was struck. These
repeated references to five minutes justify and I think require
us to accept that estimate of time as the period which really
elapsed during which the plaintiff's head was covered with
his camera cloth; and as I have already intimated it seems to
me too clear for argument that it was contributory negligence
as matter of law to assume such a position in such a place
under such circumstances for such a length of time.

My brother WERNER's suggestion in the dissenting opinion
that the question of contributory negligence should be deemed
a question of fact for the jury instead of being decided against
him as a question of law because a majority of all the judges
who have considered the case have entertained that view
would preclude us from ever reversing a judgment of this
character for contributory negligence when there were three
dissents in this court. He concedes that instances may arise
where persons engaged in lawful street occupations are so
affirmatively careless as to preclude them as matter of law
from recovering for injuries which they sustain through the
negligence of others, but declares that the case at bar does not
belong in that category. This is the precise point upon which
we differ. He would be entirely right if the element of time
could properly be disregarded; but we think that the time
during which the plaintiff voluntarily blinded himself was
too long to be excusable upon any reasonable theory of prudent
conduct.

In the course of the development of the law of imputed
negligence as applied to municipalities the courts have gone
very far in the direction of charging the defendants with a

pretty strict and rigorous degree of liability in the maintenance of the public streets in a safe condition for travel. Surely it is not requisite for the protection of the public to extend this liability so as to make a city responsible for an accident which befalls a person who is imprudent enough to do what the plaintiff did in this case.

The judgment should be reversed, and a new trial granted, costs to abide the event.

WERNER, J. (dissenting): Although I have always been consistently opposed to the writing and publication of dissenting opinions which cannot influence decisions, I am constrained by the peculiar circumstances of this case to record the reasons for my dissent from the decision about to be made.

The action was brought to recover damages for personal injuries sustained by the plaintiff. Upon pleadings which fairly state the issues of defendant's alleged negligence and the plaintiff's alleged contributory negligence, the case was brought to trial. At the close of the evidence for the plaintiff the learned counsel for the defendant moved to dismiss the complaint upon the grounds that the plaintiff had failed to establish the defendant's negligence and his own freedom from contributory negligence. The court reserved its decision until the close of all the evidence, when the motion was renewed and denied. The case went to the jury and the plaintiff was given a verdict. From the judgment entered there was an appeal to the Appellate Division which resulted in an affirmance with one dissenting vote. The case is now before us upon the defendant's appeal and the sole question to be decided is whether the evidence bearing upon the defendant's alleged negligence and the plaintiff's alleged contributory negligence, presented issues of fact for submission to a jury, or issues of law to be decided by the court.

Thus far five judges have held that the evidence presents questions of fact for the arbitrament of a jury. Three judges of this court are of the same opinion. When the decision of this court goes down, therefore, eight judges will have held

that the case was properly submitted to a jury, and four will have decided that the evidence of defendant's negligence is so weak and the evidence of plaintiff's contributory negligence is so strong, that both of these issues should be decided against the plaintiff as matter of law.

While this disparity in number does not create a presumption that the majority are right, it does emphasize the fact that judges, who of all men are supposed to be intelligent and reasonable, are sharply disagreeing over the question whether certain evidence presents a state of facts from which intelligent and reasonable laymen can draw divergent conclusions. That is a situation which furnishes the precise test which, in actions of this class, has always been applied in differentiating a case for the jury from one for the court. We have often said that when reasonable and intelligent men may differ as to what facts have been established or may draw antagonistic inferences from undisputed facts, the case is one for a jury. (*Smith* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 224, 229, and cases there cited.) For the purpose of demonstrating that this case was properly for the jury I shall briefly refer to the controlling facts.

The plaintiff, a photographer, was engaged in taking a picture of a building in Washington street in the city of New York. He placed his camera on the edge of the sidewalk so that in looking through the lens to get the proper focus he stood upon the curb with both feet or with one foot in the gutter. Before covering his head with the cloth or mantle which is a familiar part of a photographer's outfit, he looked about him and saw a city ash cart standing at a distance of one hundred feet or one hundred and fifty feet from the point where his camera was planted. The driver of the cart and another city employee stood by the cart engaged in conversation. The plaintiff covered his head and proceeded to focus his camera. While thus engaged he was struck by some portion of the wheel of the ash cart, and sustained the injuries of which he complains. The horse drawing the ash cart was unattended by the driver, and it is undisputed that the

horse was started by the driver. The only conflict of evidence was whether the horse was thus started from a point one hundred or one hundred and fifty feet distant from the plaintiff's camera, or only fifty feet distant therefrom, and whether the driver was then actually engaged in gathering ashes from houses in that part of the street, or permitted his horse to move unattended from the place where the driver and another city employee are said to have been engaged in conversation.

Upon these facts the first question is whether there was evidence upon which a jury could base a finding of negligence against the defendant. As the plaintiff is entitled to the most favorable view which the jury might have taken of the evidence, the question whether the defendant was negligent or not must be considered upon the assumption that the ash cart stood one hundred or one hundred and fifty feet from the plaintiff's camera, and that the horse attached to the cart was permitted by the driver to move unattended and unguided along the street to the place where the plaintiff was struck. One can easily imagine circumstances in which such conduct on the part of a driver would be negligence as a matter of law. It may be conceded that the facts of this case would not warrant such a conclusion, but I think the evidence as to the defendant's negligence clearly presented a question for the jury.

It is argued, however, that the plaintiff was guilty of contributory negligence, and I suppose that is to be the ground upon which the judgment of the Appellate Division is to be reversed. In considering that question we must, of course, ascertain what the plaintiff did or omitted to do that constitutes negligence on his part. No one will deny that he was lawfully upon the sidewalk for a lawful purpose. He had the right to be employed by the owner of the building for the purpose of making a photograph, and that included the right to do whatever was necessary and proper in the completion of his task. It is said that he was negligent in covering his head with the cloth which was an indispensable

part of his equipment. It would be just as reasonable to argue that a surveyor, engaged in his lawful work, would be guilty of negligence in turning his back upon a portion of a street while he was looking through his instrument in the opposite direction ; or that a lineman employed in stringing wires would be negligent because he pulled backward instead of turning around and pulling forward ; or that a person engaged in moving a push cart in the street would be guilty of negligence because he was facing the direction in which he was pushing the cart instead of walking backwards. There may be instances, of course, in which persons engaged in lawful street occupations may be so affirmatively careless as to preclude them, as matter of law, from recovering for injuries which they sustain through the negligence of others. The case at bar does not belong in that category. Here the question is whether it was negligence *per se* for the plaintiff to plant his camera on the edge of the sidewalk and cover his head while he was getting a proper focus for a picture. When he did that he looked and saw the defendant's ash cart at least a hundred feet away, with the driver in a position which gave the plaintiff the right to assume that the horse would not be started except under proper guidance and control. In these circumstances, I submit, it was a question for the jury whether the plaintiff was guilty of negligence which contributed to the accident that caused his injuries.

The judgment of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., GRAY and COLLIN, JJ., concur with WILLARD BARTLETT, J.; HISCOCK and CHASE, JJ., concur with WERNER, J.

Judgment reversed, etc.