(78 Misc. Rep. 373.)

## EHRLICH v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. MUNICIPAL CORPORATIONS (§ 706*)—INJURIES FROM NEGLIGENT USE OF STREETS—CONTRIBUTORY NEGLIGENCE.

   It is not negligence per se for a boy 12 years old to play on the sidewalk, though he sees a cart approaching, and he may assume that the driver will avoid striking him.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENT USE OF STREETS—NEGLIGENCE—QUESTION FOR JURY.

   In an action for injuries to a boy 12 years old, struck by a vehicle while playing on the sidewalk, evidence *held* to support a finding of actionable negligence of the driver.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

3. MUNICIPAL CORPORATIONS (§ 706*)—LIABILITIES FOR INJURIES FROM NEGLIGENT USE OF STREETS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   In an action for injuries to a boy 12 years old, struck by a vehicle while playing on the sidewalk, evidence *held* to support a finding of freedom from contributory negligence.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by George Ehrlich, an infant, by Pearl Krautman, his guardian ad litem, against the City of New York. From an order setting aside a verdict for plaintiff for $250, on the ground that it was against the weight of the evidence, plaintiff appeals. Reversed, and judgment reinstated.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Schleider & Schleider, of New York City (M. Spender Bevins, of New York City, of counsel), for appellant.

Archibald R. Watson, of New York City (Terence Farley, of New York City, and William E. C. Mayer, of Brooklyn, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The plaintiff, a boy of 12 years, while playing on the sidewalk with some companions, claims to have been struck by the hub of one of the wheels of an ash cart, employed in the service of the street cleaning department, which threw him over; the wheel running over his left foot, causing him serious injury. The accident occurred on the west side of Avenue C, between Second and Third streets. Shortly before the accident, plaintiff saw the cart at about the corner of Third street, and slowly approaching. He was struck a few moments afterward while leaning over to pick up a button which was being used in the game he and his companions were playing. The wagon was about half a block from him when he first saw it, but his testimony is confused as to just how far from the curb the cart was at this time. At one point he says "it was in the middle of the street," and elsewhere he swore that "it was in the middle of the gutter." He paid no attention to the wagon after he first saw it, but continued his play. The plaintiff was in substance corroborated by the testimony of three other witnesses, among whom there was the usual difference in their estimate of the speed of the cart and the distance of its course from the curb; but the weight of evidence was to the effect that the cart was being driven slowly. Altman, one of plaintiff's witnesses, testified that, just before the cart struck the plaintiff, "it turned in sharply and came right over to the curb."

The only evidence offered by the defendant was that of the driver who, on his direct examination, denied that his horse or wagon struck the plaintiff, that he heard nothing, and that his course was four feet from the curb. But, on cross-examination, he gave the following testimony.

"Q. Did you see the boy? A. I see three boys sparring on the sidewalk. Q. When you saw them sparring on the sidewalk, what did you do? A. I stopped my cart *to see anything happen to me. I looked around quick, and I see nothing happen. I drive ahead.*"

He further denied ever having seen the plaintiff or his witnesses before.

[1] The appellant cites Mastin v. City of New York, 201 N. Y. 81, 94 N. E. 611, 33 L. R. A. (N. S.) 784, as controlling. In the Mastin Case the plaintiff, a photographer, while on the edge of the curb taking a photograph, saw a cart some distance away. In order to focus his instrument, he covered his face with a dark cloth, and while his vision was thus obscured "for a period of five minutes" the cart came along and struck him. By a vote of four to three the court held him guilty of contributory negligence as matter of law. We think that case plainly distinguishable from the present. It is not claimed that it was per se negligent for the plaintiff to play upon the sidewalk, and, although he saw the cart approaching, we think he had the right to assume that the driver would direct its course so as to avoid striking him. See, per Werner, J., 201 N. Y. 88, 94 N. E. 611, 33 L. R. A. (N. S.) 784.

[2, 3] The evidence justified the jury in finding that the accident

was caused by the negligence of the driver, and that the plaintiff was guilty of no negligence which contributed thereto.

The order should be reversed, with costs, and the judgment reinstated, with costs.