## CRONK v. J. G. PEGUES MOTOR CO.

### No. 11462.

Court of Civil Appeals of Texas. Galveston.

Dec. 3, 1942.

Rehearing Denied Jan. 7, 1943.

Jones & Jones, of Marshall, for appellant.

Stinchcomb, Kenley & Sharp, of Long-view, and Ramey, Calhoun, Marsh, Brels-ford & Sheehy, of Tyler, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, George Cronk, to recover damages alleged to have been sustained by him as a result of the negligent operation of an automobile by an employee of appellee, J. G. Pegues Motor Company, which resulted in injuries to appellant.

The suit arose out of an accident which occurred on July 29, 1941, off of the high-way near Longview, Texas. Appellant, who was engaged in selling ice cream nov-elties had parked his Ford Pickup Truck near and parallel with the highway for the purpose of calling on a customer. At the time of his injury he had returned and was preparing to get into his car when he was struck on the left arm and leg by some por-tion of appellee's truck which was ap-proaching from appellant's rear.

Appellant alleged numerous specific acts and omissions on the part of appellee and its driver claimed to amount to negligence proximately causing the accident.

Appellee alleged that appellant was stand-ing on the paved portion of the highway at the time he was struck. In the alternative, it alleged that, if appellant was not ac-tually standing on the paved portion of the highway at that time, immediately prior to the time he was struck by appellee's truck appellant was standing at a point in such close proximity to the edge or concrete portion of said highway that he was likely to be struck by a motor vehicle, or some part thereof, that would likely pass on said highway travelling in an easterly direction. It alleged that immediately prior to and at the time of the accident in question ap-pellant wholly failed to keep a proper look-out for his own safety, and that such acts and omissions amounted to contributory negligence.

In answer to special issues submitted, the jury found that appellee's driver had been guilty of primary negligence, which proxi-mately resulted in appellant's injuries, in operating its truck to the right immediately before the collision, and in failing to give appellant proper warning of his approach, and that the injuries received by appellant were not the result of an unavoidable acci-dent. Damages were assessed by the jury in the sum of $5,000.

Based on the findings of contributory negligence on the part of appellant, the trial court overruled a motion made by appellant to disregard the jury's findings and enter judgment in his favor, and entered judg-ment in favor of appellee in all particulars.

The record shows that appellant was en-gaged in the business of selling ice cream and other confections. He conducted his business with a Ford Pickup truck. On the occasion in question he had stopped to call on one of his customers at the Dixie Car Yard on Highway 80 between the towns of Longview and Greggton. At the time of the accident his car was parked parallel with and off the right hand side of the highway with its left wheels between 18 and 24 inches outside of the edge of the concrete curbing of the highway. There was a clear space of approximately 35 feet between the curbing of the highway and the Dixie Car Yard within which he could have parked his car. The curbing of the concrete road, at the point where the acci-dent occurred, was rounded and not perpen-dicular with the concrete, as is the ordinary curbing. Appellant testified that he had opened the door of his car and was prepar-ing to re-enter the car at the time he was struck by appellee's truck; that he had placed his right foot on the running board and that his left foot was on the ground outside of the concrete portion of the high-way. He testified that he did not think that he looked back toward Greggton when he started to re-enter his car for the reason that he did not think that it was necessary to do so though he heard cars passing on the highway at that time.

Appellant assigns error in the action of the trial court in refusing to enter judgment in his favor notwithstanding the jury find-ing that he was contributorily negligent,

for the alleged reason that the undisputed evidence and the jury's finding that he was standing wholly off the highway at the time he was struck by appellee's truck conclusively established, as a matter of law, that he could not have been guilty of contributory negligence.

■ As a general rule, unless but one reasonable conclusion can be drawn from the evidence, the question of whether there has been negligence or contributory negligence is a question of fact to be determined by a jury. Napier v. Mooneyham et al., Tex.Civ.App., 94 S.W.2d 564.

■ While it has been uniformly held that a person is not bound to anticipate another's negligence, it is likewise generally true that, when faced with danger to either his person or property, it is the duty of every person to use the care that a man of ordinary prudence would use under the same circumstances to avoid an injurious consequence to himself. Arey v. St. Louis Southwestern Ry. Co., 107 Tex. 366, 179 S.W. 860, L.R.A. 1916B, 1065.

We have been referred to no Texas cases with a similar state of facts which pass on the exact question here presented. We have, however, been referred to cases from other jurisdictions which are based on facts similar in all material respects to those in the instant case, which hold that evidence similar to the evidence in this case not only raises the issue of contributory negligence, but establishes it as a matter of law.

In the case of Ray v. Clawson et al., 14 S.E.2d 259, 260, by the Supreme Court of Appeals of West Virginia, the facts were similar to those in the instant case. In that case plaintiff, who was walking along the side of a concrete pavement, started to return to the pavement. When he was within 18 inches of the pavement, he looked back and saw a truck approaching about 80 feet distant. He thereafter paid no further attention to the truck and was struck by an overhanging part of the truck and severely injured. He recovered a judgment in the lower court. Upon appeal the Supreme Court of Appeals of West Virginia in its majority opinion said: "Assuming, as we must in this case that there was sufficient evidence in the case to justify the jury in finding that the driver of the truck was guilty of negligence in not observing the plaintiff and avoiding him, it still remains true that some duty devolved upon the plaintiff to look out for himself. The fact that he was struck by the truck without its

leaving the pavement demonstrates conclusively that he was in a position where he could be so struck. He had no right to place himself in such a position and then merely trust to the truck driver to avoid injuring him. It is not correct to say that under such circumstances the plaintiff was legally justified in assuming that the truck driver would not be negligent, and that he need do nothing for his own safety. It is true that the law exacts of the driver of motor vehicles under such circumstances a very high degree of attention and care to protect another from injury, but the law, in exacting such care from the truck driver, does not correspondingly decrease the care required of the pedestrian. The plaintiff, by reason of the fact that he was exposing life and limb, owed it to himself to be highly vigilant against even possible carelessness of the driver of the truck. Courts have uniformly announced that one seeing a motor vehicle approaching him rapidly at a short distance cannot turn his back on the impending danger and be held blameless. * * *

"The courts are ever respectful toward the judgment of a jury, and where some care is exercised by an injured person, the finding of the jury that such care was sufficient will be conclusive; but where there is a total lack of care by the injured person, the jury will not be permitted to hold him free of negligence. No reason is perceived why one standing just off the edge of the pavement should be held free of the necessity of exercising ordinary care against a perfectly apparent danger. One in such a position may not obstinately rely on his right to be there, or completely ignore all precautions against obvious risks, whether brought about by the negligence of another or otherwise, and still be without blame."

In the instant case, the jury found that no portion of his body extended over the curb on to the pavement. Appellant testified that he was familiar with the highway, which was a four-lane highway, and heavily traveled, and that while he heard cars passing on the highway at that time, at no time just prior to the accident in question did he look behind him or ascertain whether cars were approaching.

In the case of Mastin v. City of New York, 201 N.Y. 81, 94 N.E. 611, 612, 33 L.R.A.,N.S., 784, by the Court of Appeals of New York, the facts are also similar in all material respects to those in the instant case. In that case a photographer, while

engaged in taking a photograph of a building on a street, was struck by a wagon belonging to the street cleaning department of the City of New York. In order to take the picture, he had placed his camera on the sidewalk near the curb. He had observed the vehicle which subsequently struck him, standing 100 to 150 feet down the street. He covered his face with a dark cloth in order to focus his instrument and while his vision was thus obscured, he was struck by the vehicle which he had already observed. The court, in its majority opinion, said: " * * * it is the fact that he voluntarily thus blinded himself for such a length of time in such a situation which seems to me conclusive evidence that he was guilty of contributory negligence as matter of law. To affirm this judgment would be to hold that it can be regarded as the act of a reasonably careful person to shut one's eyes and stand on the edge of a sidewalk in a busily-travelled public street in a great city for five minutes at a time. I do not think that any court has heretofore gone so far as to pronounce such conduct prudent."

In dissenting opinions in both of the cases last above quoted from it was contended that the questions of whether the plaintiffs therein were guilty of contributory negligence should have been submitted to the jury to determine whether the plaintiffs therein acted with reasonable prudence. In the instant case this question was submitted to the jury and answered in favor of appellee.

In this appeal no objection is made to the form of the issues submitted to the jury. The jury had the right to conclude from the evidence that appellant, who had testified that he had heard cars passing on the highway but that he did not look back, stood where he knew he could not see a vehicle approaching from the rear and in such a position that he knew, or should have known, that he might be struck by some part thereof. Appellant's position at that place was not due to necessity, but was of his own choosing, since it is undisputed that there was a space of at least 35 feet between the curbing of the highway and the building he had entered. Despite the fact that he heard traffic passing, and without looking back to ascertain whether he was in danger of being struck by a vehicle approaching from the rear, he stepped down with one foot on the running board of his car and opened the door, thereby throwing his body nearer the edge of the highway, at the exact moment that appellee's truck reached that point. It is to be presumed that the jury, as they had a right to do under the evidence, concluded that while appellant was not actually in the paved portion of the highway, he should have realized that he was in danger, and that therefore he should have exercised reasonable care for his own safety.

Under the record in this case we think that the evidence as to whether appellant was negligent in failing to keep a proper lookout at the time and place and upon the occasion when he was struck by the truck driven by appellee's agent, was a fact issue to be determined by the jury, and the jury having found, under the evidence, that the failure of appellant to keep a lookout was negligence, the trial court was justified in giving effect to that finding in rendering his judgment, and this court is without authority to set aside the verdict of the jury.

The judgment of the trial court will be in all things affirmed.

Affirmed.