## CRUSE v. CHACON.

No. 9192.

Court of Civil Appeals of Texas. San Antonio.

Dec. 13, 1933.

Rehearing Denied Jan. 17, 1934.

Terry, Cavin & Mills and Joyce Cox, all of Galveston, and M. R. Hall, of Brownsville, for appellant.

H. L. Yates and C. K. Richards, both of Brownsville, for appellee.

FLY, Chief Justice.

This suit was filed by appellee against appellant for the recovery of damages inflicted upon him in a collision between his automobile and that of appellant. The cause was tried without the intervention of a jury, and judgment rendered in favor of appellee in the sum of $2,720.16.

The following facts were found by the trial judge and are not assailed by appellant, except as to the finding which indicated that the court did not find appellee guilty of contributory negligence, and appellant has admitted in her brief that the findings of negligence of appellant are supported by the evidence:

"On the 30th day of May, 1932, the plaintiff, Jose Matias Chacon, was driving a Ford Roadster on the main highway in Cameron County, Texas, being Highway No. 48, between the towns of Harlingen and La Feria in Cameron County, Texas, going in a westerly direction, and was keeping a careful look-out for traffic on and approaching said highway; that he was driving at less than thirty-five miles per hour and had his automobile under control; that at a point about five miles west of the city of Harlingen there is an intersecting highway known as the Primera Highway, which intersects Highway No. 48, from the north, which intersecting highway crosses the western branch of the Missouri-Pacific Railroad about forty feet north of its intersection with the main highway; that about sundown on the said 30th day of May, 1932, Miss Elizabeth Cruse, the defendant, approached the intersection of said Primera Highway with Highway No. 48 from the north, driving on said Primera Highway in a southerly direction, and just before reaching the intersection of said Primera Highway with Highway No. 48, turned sharply to her left on her own left-hand side of the said Primera Highway and entered on to Highway No. 48, attempting to turn to her left upon the left-hand side thereof and on the right-hand side of said Highway No. 48, as same was being used by plaintiff, Jose Matias Chacon; that she was not keeping a look-out for traffic on said Highway No. 48, as she entered said intersection, and did not stop her car before entering upon said Highway No. 48, and did not stop her car before reaching the Missouri-Pacific Railroad above mentioned; that she drove in and upon said Highway No. 48 and drove her car in front of the car driven by Jose Matias Chacon; that the said Jose Matias Chacon swerved his car to the right and tried to avoid a collision, his car being at all times on the right-hand side of the black line which equally divides said Highway No. 48; that the said Miss Elizabeth Cruse slowed her car down as she entered upon her own left-hand side of said Highway No. 48, and the right-hand side of the said Chacon on said highway; that the two cars collided, the left front part of the car driven by Chacon striking the left side of the car driven by Miss Elizabeth Cruse at a slight angle, the Chacon car striking the front of the Cruse car first; that the left front part of the Chacon car sustained the greatest injury; that at the time of said collision it was not yet thirty minutes after sundown; that it was light enough for the drivers of said cars to see traffic plainly; that the only vegetation or trees intervening between the angle of the two highways from the directions respectively from which said cars approached each other, was a citrus fruit orchard of small trees; that the traffic on Highway No. 48 at said point is enormous and that the traffic on the Primera Highway is light; that it is the custom of those approaching Highway No. 48, on said Primera Highway to slow down or stop their cars and permit traffic on said Highway No. 48, to have the right-of-way, and that it is the custom of those using Highway No. 48 at said intersection to continue at the same rate of speed and to claim and use the right-of-way at said intersection; that it is also the custom of those approaching Highway No. 48 on said Primera Highway to turn to the left and leave said Primera Highway on to said Highway No. 48 from the left-hand side of said Primera Highway; that the said Miss Elizabeth Cruse was not keeping a look-out for traffic on Highway No. 48; that the said Jose Matias Chacon did not see the car driven by Miss Elizabeth Cruse until he was some twenty-five feet away, when he turned his car to the right; that Miss Elizabeth Cruse did not see the car driven by Jose Matias Chacon at all until the time of the impact; that Miss Elizabeth Cruse was negligent in failing to stop her car before reaching the intersection of the Primera Highway with Highway No. 48, or in slowing her car down and looking for traffic on said Highway No. 48 and permitting traffic to pass until she had an uninterrupted approach upon said High-

way No. 48, and in driving her car into and upon said Highway No. 48 without so doing; that such negligence was the proximate cause of the collision and of the injuries hereinafter mentioned and described; that the said Jose Matias Chacon was picked up by the driver of an automobile about five minutes after the accident and taken to the Valley Baptist Hospital in Harlingen, about five miles away; that the nurse at the operating room in said Valley Baptist Hospital entered in her record that he reached the operating room at eight o'clock P. M., May 30th, 1932; that the sun set in Cameron County, Texas, on May 30th, 1932, at 7:47 o'clock P. M. * * *"

The court further found the extent of the injuries, which were very serious, and the amount of the bills for hospital, physicians, and nurses.

██ Through the first proposition it is contended that the evidence shows that appellee was guilty of negligence per se because the road upon which appellant was traveling entered the highway upon which appellee was traveling on appellee's right. The evidence indicates that the road upon which appellant was traveling was very broad at its point of intersection with highway 48 and that appellant was near the left side of this broad road. The road seems to have two prongs indicated by gravel placed in the middle of the road as a dividing line, and the court found that it was customary for those driving along the Primera Highway to take the left side of the broad road to enter upon highway 48, when desiring to go to the east. Appellee was driving from east to west. Appellant stated that she looked up and down highway 48 when she entered upon it but saw no one. The court, however, found, from the evidence, that it was not dark and the evidence indicates that, if she had looked, as she said she did, she certainly would have seen the car approaching from the left. She stated she did not see appellee's car until it struck her car. The circumstances clearly indicate that she did not look for cars and that, if she had looked, she would have seen the car approaching on highway 48, and no matter what her rights would have been, she would have remained at a standstill until the car had passed. The evidence showed that highway 48 was second in the state in the amount of travel that went over it, and yet appellant made no effort to see whether cars were coming from either direction on that much traveled highway. Appellee swore that as soon as he saw the car of appellant, about twenty-five feet distant from him, he applied his brakes and turned his car to the right to avoid a collision. Appellant made no effort to avoid it. Although article 801 (E) of the Penal Code gives the right of way to vehicles approaching a thoroughfare from the right, it does not authorize travelers on such roads to throw caution to the winds and pay no attention whatever to their own safety or the safety of others when entering on such highways. It is admitted that appellant was guilty of negligence in entering upon highway 48 in the manner in which she did, but it is contended that, as she had the right of way under the statute, appellee was guilty of negligence per se because he disobeyed the law. These two positions seem to be irreconcilable: If she was negligent in entering the road in the manner in which she did, it would seem that it would be impossible for appellee to be guilty of negligence per se in striking her. The court held under the facts that appellee was not guilty of contributory negligence, and, as the existence of contributory negligence is usually a question of fact, we are precluded from going back of a finding of fact by the judge that appellee was not guilty of contributory negligence.

██ While the statute gives the right of way to vehicles approaching on the right of a highway along which traffic is very heavy, still the law does not require a person traveling on said highway to stop his car whenever he has a suspicion that some cow path, neighborhood road, or unworked alley may be entering the highway, to stop, look, and listen, to ascertain if any of the neighborhood denizens are going to cross the highway. Great and expensive thoroughfares are built to expedite the travel of persons and freight, and the law never intended to handicap the passage along such thoroughfares by putting the blame upon the traveler upon the highway, if some reckless person on a right-hand rural route emerges suddenly into the highway. It is sought in this case to penalize a man traveling along a main highway at a rate of speed under that permitted by statute because a person on a right-hand side road thrusts himself without warning on the highway. No horn was sounded, no signal was given by the person on the right-hand road, and she evidently closed her eyes to all objects approaching from the east and west. She had her mind fixed on the intention of crossing that highway.

If appellee could by any stretch of the imagination be guilty of negligence by proof of a custom permitting appellant to enter on the left of the Primera Highway, it would certainly condemn appellant, who drove into highway 48 without looking to the right or left, intent upon crossing. Of course, whatever may have been the custom of people in the neighborhood relating to violating the law of the road, the law was still unshaken and in full force and effect. However much custom may have affected appellant's conduct, it could not affect the conduct of a man who was a foreigner and the chief of police in Mexico. There may have been numerous cus-

toms in the neighborhood of the action in regard to the manner in which the highways could be used by the traveling public, but they had no place in the case and cannot affect the result, either for appellant or appellee.

The court found that appellee kept a careful lookout for traffic approaching the highway, and the evidence sustains that finding, and it follows that propositions three and four are without foundation.

■ The fifth and sixth propositions are overruled. Article 790 of the Penal Code has reference to parties traveling along the same highway and does not refer to persons entering from intersections.

If, as contended by appellant, she was at the time of the collision turning to the east before she reached the center of highway 48, then she was guilty of a violation of law, which requires her to cross to the other side of the road before she makes her turn to the left. The seventh proposition is therefore without merit and is overruled.

■ The remaining propositions complain of the action of the trial court in allowing the sum of $603.50, medical and hospital bills paid by Chacon, and the sum of $616.16, expenses paid by Chacon to an assistant during his incapacity, without proof of the reasonableness of said items. In the absence of allegation and proof that the items were reasonable, they cannot be allowed as part of the damages against appellant. In the absence of such proof, a reversal of the judgment must necessarily follow, unless a remittitur of the sum of $1,219.66 is filed. Dickey v. Phoebe Jackson (Tex. Com. App.) 1 S.W.(2d) 577.

It is the order of this court that the judgment in this case be reversed and the cause remanded, unless appellee, within ten days from the handing down of this opinion, enters a remittitur in this court for the sum of $1,219.66, in which event the judgment will be affirmed for the sum of $1,500.