**TOWNSEND v. YOUNG, District Judge.**

No. 13794.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 21, 1938.

Rehearing Denied March 4, 1938.

Cantey, Hanger & McMahon, of Fort Worth, for relator.

R. C. McBroom, of Fort Worth, for respondent.

SPEER, Justice.

This suit was instituted in a district court of Tarrant county by W. R. Hunt against A. F. Townsend, receiver, for damages sustained by being struck at the junction of Houston and West Seventh streets in the city of Fort Worth, by one of defendant's street busses.

A trial was had before a jury upon special issues submitted, and, because it is claimed that certain answers made were conflicting and irreconcilable, the court declined to enter judgment for defendant, solely for that reason.

Defendant has applied to this court for a writ of mandamus to require Hon. Bruce Young, judge of the forty-eighth district court, who tried the case, to enter judgment for him, on the answers returned.

There is no transcript of the pleadings below, before us, but, in the application, reference is made to certain parts of the pleadings bearing on the questionable issues, and respondent does not deny that they were as contended for by defendant.

The reference to the pleadings of defendant is shown to be, as follows: "The defendant alleged that plaintiff was guilty of contributory negligence in various respects, and particularly in failing to keep a proper lookout for vehicles approaching on Seventh Street as he stepped into and started across said street, and in starting across Seventh Street, under the circumstances existing on said occasion." The application further states that evidence raised both of such issues. For the purpose of determining the question before us, we must assume that both questions were pleaded and that there was testimony to support each.

The judgment entered in overruling defendant's motion for judgment on the verdict of the jury, recites: "After hearing said motion and the argument of counsel in support thereof, (the court) is of opinion that defendant's motion for judgment in his favor should be denied and overruled, because there is in the opinion of the court an irreconcilable conflict in the answers of the jury to issue No. 9 and supporting issues Nos. 10 and 11, and to issue No. 15a." The motion was overruled for the reasons stated.

Judge Young has filed in this proceeding a reply to defendant's application for the writ; the answer is substantially as indicated by the terms of the judgment above referred to, in which answer it is said: "That the Court had not acted upon defendant's said motion but had stated to counsel for plaintiff and for defendant that such was his opinion, (that the answers were irreconcilable) and that he would, upon hearing same, make an order setting aside the verdict of the jury, as returned and hold the case on the docket for a new trial; that but for the conflict above mentioned, the defendant would have been entitled to a judgment. That your respondent stands ready to enter any judgment or order in said case as you may see proper to direct."

The two special issues and their answers, in which it is claimed the conflict appears, read as follows:

"Question Nine: Do you find from a preponderance of the evidence that the plaintiff failed to keep a proper lookout for vehicles that might be approaching on Seventh Street, as he stepped into and started across said street? Answer, 'Yes.'"

"Question 15a: Do you find from a preponderance of the evidence that the plaintiff was guilty of negligence, as that term has been defined to you in the court's main charge, in starting across West Seventh Street at the time and under the circumstances existing on the occasion in question? Answer 'No.'"

As we view the pleadings and testimony offered in support of both issues, we do not consider that there is such a conflict in the answers that would necessitate a declaration by the court of a mistrial. Neither a trial court nor this court should seek a construction of answers to issues which would render the verdict void, but, on the contrary, should take into consideration the issues made by the pleadings upon which testimony is offered, and construe them, along with the issues and answers, all together, and, having done so, they have the right, and it becomes their duty, to give them a reasonable construction. Texas Indemnity Ins. Co. v. Bridges, Tex.Civ.App., 52 S.W.2d 1075, 1079, writ refused. In the last-mentioned case, it was said: "All the issues must be considered together as a whole. If, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which he deems proper."

The pleadings and evidence, it appears, raised both the question of the negligence of plaintiff in stepping into and

starting across Seventh street at the time and under the circumstances surrounding him, as well also the question of his negligence in failing to keep a lookout for approaching vehicles at that time and place. This being true, it is clear that under the well-defined rules of law, as announced in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, each of said issues must be submitted to the jury. Since these issues were submitted, we may assume that there was testimony offered to support the pleadings by defendant upon both allegations; and when we consider issue 15a, as to whether plaintiff was guilty of negligence in starting across Seventh street, under the circumstances, we do not know what those circumstances were, except that, from a previous issue, the bus had not entered the intersection against a red light, but that it was there going west, when the signal changed, and that to clear the intersection it had to cross the passageway for pedestrians on the west side of Houston street; it may be said that both had a right, at that particular time, to be traveling in the direction they were going; it seems that others were starting across Seventh street at the same time plaintiff attempted to cross. It is not at all unreasonable to say that with traffic signals indicating one could pass, that regardless of there being a bus, or even other cars, in the intersection, a reasonably prudent person would step into the street and attempt to cross, expecting to let any such car or bus pass out of the intersection, by giving it an opportunity to do so, without endangering his own life. Those who started across with plaintiff did that very thing; it seems they saw the bus attempting to leave the intersection and stopped, or stepped back to give it a chance to pass out of the zone in which it had been caught by a change in traffic signals. In answering the question to the effect that plaintiff was not negligent in attempting to cross the street at that time and under the circumstances, the jury evidently considered that any reasonably prudent person would have done as did plaintiff and those who started across with him; but it is not inconsistent with such a finding to assume they believed that persons, situated as were plaintiff and the other pedestrians, would have done as did those present, other than plaintiff, that is, that they would stop or step back and give the bus driver a chance to get his vehicle out of the intersection. These conclusions necessarily follow, when we assume that neither plaintiff nor the driver of the bus was, at the time of the accident, violating any traffic law; the application for the writ and briefs of the parties indicate this is true.

We come now to consider issue No. 9, from which it was determined that plaintiff was guilty of contributory negligence, in failing to keep a proper lookout for approaching vehicles that may have been in Seventh street; for the purposes of this discussion, we may consider that the bus was there, and we also know from the nature of the accident that the bus had to cross the path of plaintiff in clearing the intersection. The fact that plaintiff was not negligent in stepping into and starting across the street would not license him to shut his eyes to dangers that were unquestionably in his path; from the facts disclosed the bus could be, and no doubt was, lawfully in the intersection going west when plaintiff could legally proceed south across Seventh street. Under such conditions, clearly it was his duty to keep a lookout for vehicles situated as was the bus; it is contended that plaintiff did not see the approaching bus, and it appears that there was nothing to prevent his seeing it in time to have avoided the accident if he had looked in that direction. Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731, 735. In the last-cited case, certain issues were answered in a way that would indicate that no collision could have occurred; but it was admitted that it did happen. Answers to issues showed plaintiff was on his right-hand side of the road and never crossed the center line; similar answers were given with respect to the other vehicle. A jury finding was had that plaintiff did not keep a lookout for his own safety and that such failure was a proximate cause of the collision. In issuing the writ of mandamus to require the entry of judgment on alleged conflicting issues, the court said: "The fact that plaintiff was driving on the side of the highway where he had a lawful right to be did not relieve him of the duty to use care in keeping a lookout. * * * Certainly the obligation to use care in keeping a lookout rests always upon every driver of an automobile upon a public highway." The jury found that plaintiff was negligent in not keeping that lookout for his own safety; this followed with the usual and customary findings of negligence and proximate cause, against plaintiff.

There is this further reason why, generally speaking, plaintiff had the duty of keeping a proper lookout for approaching vehicles; he was crossing Seventh street facing a green light, as he had a right to do, and it is a matter of general knowledge (except in certain instances not shown to exist here), that vehicles going south on Houston street, the one on which plaintiff was walking, were permitted to turn west on Seventh street on the traffic signal which authorized plaintiff to cross that street, and such vehicles so turning would have to cross plaintiff's path, and this traffic had to be watched by persons situated as he was at that time.

It is clear to our minds that it was not the stepping into and the attempt to cross Seventh street at the time and under the circumstances, that resulted in plaintiff's injuries, but it was his failure to keep a lookout for vehicles approaching on that street that caused the accident. Other persons similarly situated as was plaintiff, entering the crossing as he did, who kept a lookout and thereby discovered the approaching bus, were uninjured; while plaintiff, whom it is not contended looked in that direction, was struck.

 The defendant pleaded and offered testimony in support of its allegations that plaintiff was guilty of contributory negligence in two respects, viz.: (a) By failing to keep a proper lookout for vehicles approaching on Seventh street as he stepped into and started across said street, and (b) in starting across Seventh street, under the circumstances existing on said occasion. The latter allegation was indeed a very general one, but there are no priorities in issues; if an issue is proper, the answer is as essential to the verdict as is the answer to any other issue in the case. Ford Rent Co. v. Hughes, Tex.Civ.App., 90 S.W.2d 290; Speer's Special Issues, p. 560, § 431. But it was not necessary that the jury convict plaintiff of contributory negligence in both respects to defeat his right of recovery. The answers declared he was not guilty of negligence in stepping into and starting across the street at the time and under the circumstances, but that it was negligence for him to fail to keep a proper lookout for approaching vehicles approaching on Seventh street.

Again, let us assume that the two issues involved the same subject matter, and that answering one in the negative and the other in the affirmative created an irreconcilable conflict; if under the pleadings and testimony offered, the matters had been embraced in a single issue, could it be said that such an issue was not multifarious? We think not. If the question had been so framed as to inquire if the plaintiff was guilty of negligence in stepping into and attempting to cross Seventh street at the time and under the surrounding circumstances, and did he upon entering said street keep a proper lookout for vehicles approaching on Seventh street, we think it would have rendered it objectionable upon the grounds mentioned. Under the well-established rule of law laid down in Fox v. Dallas Hotel Co., supra, the defendant was entitled to have each of the alleged negligent acts submitted separately, as was done by the court in this case.

The relator, Judge Young, frankly states in his answer that, but for what he considered the irreconcilable conflict in the answers to the issues mentioned, he would have rendered judgment for defendant, and stands ready and willing to enter such judgment as this court may direct. For the reasons stated, we do not consider there is such conflict in the answers as to prevent the entry of a judgment thereon, and it is therefore ordered that the writ of mandamus be issued commanding the trial court to enter a judgment for the defendant, as prayed for.