**BROWN v. DALLAS RY. & TERMINAL CO.**

No. 5986.

Court of Civil Appeals of Texas. Amarillo.
Nov. 7, 1949.

Rehearing Denied Dec. 12, 1949.

Saunders & Gano, Dallas, for appellant.

Burford, Ryburn, Hincks & Ford, Dallas, for appellee.

PITTS, Chief Justice.

This suit was filed by appellant, Homer Brown, against appellee, Dallas Railway & Terminal Company, to recover damages for personal injuries sustained by his wife, Nellie Brown, about 7:30 o'clock a. m. on November 5, 1947, at a street intersection in Dallas, as a result of her body coming in contact with a moving bus owned and operated by appellee. The case was tried to a jury on special issues and as a result of the verdict judgment was rendered for appellee, from which appellant perfected his appeal to the Court of Civil Appeals of the Fifth Supreme Judicial District at Dallas and the case was transferred to this court by order of the Supreme Court.

The jury found that the injuries resulted from and were proximately caused by negligent acts of both appellee's agent and appellant's wife and not as a result of an unavoidable accident or a new and independent cause. The jury likewise found that appellant had been damaged in the total sum of $18,679.20 by reason of his wife's injuries but the trial court did not award him any damages therefor because the jury found appellant's wife failed to keep a proper lookout as she attempted to cross the street at the place and time she sustained the injuries and such failure was a proximate cause of the accident that resulted in her injuries. The jury further found that appellee's agent, the operator

of the bus, did not enter the street intersection when the traffic light facing him was yellow and that he failed to sound his horn, apply his brakes, or yield the right of way to Nellie Brown on the occasion in question, but neither of the three failures so to do was negligence. The jury further found in two separate issues that Nellie Brown failed to stop and allow the bus to continue its right-hand turn from one street to the other and that she failed to wait until the bus had cleared the intersection before she attempted to proceed across the street, but it further found that neither of such failures on her part was negligence; yet it further found that each of such failures on her part was a proximate cause of the accident that resulted in her injuries. Few of the jury findings have been attacked and some of them are not here significant, yet some of them reflect the logical reasoning of the jury in connection with its findings to the effect that neither the bus driver nor Nellie Brown was keeping a proper lookout at the time of the accident which resulted in the injuries.

Appellant predicates his appeal upon eight points of error complaining first that the trial court erred in its refusal to set aside the jury's answers to certain special issues, disregard them and to sustain his motion for judgment non obstante veredicto for the reason that the evidence did not support the jury's findings to the effect that Nellie Brown did not keep a proper lookout which was a proximate cause of the accident that resulted in her injuries, and further charging that the jury's answers to the issues making such findings were based upon passion, prejudice or some other improper motive. He further charges that the issues inquiring about these matters were not material issues in the case. Appellee pleaded that Nellie Brown failed to exercise ordinary care in keeping a proper lookout for her own safety at the time and place of the accident that resulted in her injuries and that her failure so to do proximately caused and contributed to the cause of the said accident. It is our opinion for reasons hereinafter stated that the issues pleaded were material issues. The record

does not disclose any bias, passionate, prejudicial or other improper motive that prompted the jury to return the answers to the issues about which appellant complains.

We must keep in mind that the jurors were the judges of the credibility of the witnesses and of the weight to be given their testimony. In determining if a motion to set aside and disregard findings of a jury should be sustained, the court must view all the testimony in the light most favorable to the verdict making such findings, and, if there is evidence of probative value to support such findings, the motion to set them aside and disregard them will be overruled. Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816; and Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224. The record reveals that the accident occurred at the intersection of Field and Wood Streets in the business area of Dallas. Field Street runs north and south and Wood Street is a one-way street running east and west with traffic privileged to travel only west thereon. Field Street is 37 feet wide and Wood Street is 36½ feet wide. There were four traffic lights, one on each of the four corners, operating at the time to direct traffic. On this early morning occasion Nellie Brown was proceeding south from the northwest corner of the street intersection, across Wood Street in the lane for pedestrians, facing a green light authorizing her to do so. Appellee's bus had been travelling south on Field Street but had made a passenger stop for its customers while waiting for a green light to come on. The bus then proceeded south facing a green light and made a right-hand turn west on Wood Street and was crossing the lane for pedestrians on Wood Street when the collision that resulted in the injuries occurred. The bus was a large city passenger bus with two doors on the right-hand side of the same to accommodate passengers boarding and leaving the bus; one of the doors was just in front of the right front wheel and the other was just in front of the right rear wheel. The evidence from appellant's witnesses shows conclusively that the point of contact between Nellie Brown's body

and the bus was immediately behind the front door about where the back hinges of the door were fastened to the bus, just in front of the right front wheel of the bus, several feet behind the right front corner of the bus. No part of the front of the bus touched Nellie Brown. Such evidence was corroborated by the bus driver, who further testified that he was operating the bus from the left-hand side of the front part of the same. He further testified that the point of contact was back of him and to his right and that both he and the front end of the bus had crossed the pedestrians' lane or the cross-walk across Wood Street when the impact between Nellie Brown and the bus occurred. The bus driver further testified that he did not see Nellie Brown until immediately after the collision but he heard the impact. Nellie Brown testified that she was 48 years of age and had been married to appellant 32 years; that she was on her way to work on the morning of the collision and that she arrived at the street intersection on that occasion and paused briefly for a green light. When the green light came on, she stepped off of the curb at the northwest corner of the street intersection and proceeded south in the lane for pedestrians watching the green light in front of her but knew she had plenty of time to get across the street before the light would change; that she did not look either to her right or to her left, made no effort to observe anything other than the green light and was not particularly observing anything when she was hit, but she never did see the bus at any time and did not know what hit her. She testified that she had gone only a few feet from the curb before the collision but she did not know whether she walked into the right front door of the bus or not. She further testified that she was familiar with that street intersection since she had been crossing it practically every morning for three years. The uncontradicted evidence reveals that the front end of the bus had proceeded across the pedestrians' lane and the side of the bus as far back as the front door was in front of Nellie Brown immediately before and at the time of the collision, yet she did not see the bus. The jury

had the right to infer that Mrs. Brown would have seen that part of the bus in front of her just before the collision if she had been looking ahead of her. Appellant's witnesses, Monroe and York, who were riding the bus, and the operator of the bus testified that the bus had stopped just prior to the collision at the northwest corner of the street intersection waiting for a green light. The operator said he had let passengers on and off of the bus there and was stopped four or five feet from the west curb, waiting for a green light. The bus was then only a few feet to the left of Nellie Brown and possibly a little back of her when she stepped off of the curb to cross Wood Street since the evidence shows that both proceeded south about the same time on the same green light. The operator said he swung to the left as he started the bus to clear the curb, then drove south on Field Street and turned to the right onto Wood Street. The bus had travelled less than 40 feet from the time it left the point where it had stopped to the point of the collision and it could not have picked up much speed in that distance while making a right turn at the same time. The evidence reveals that Nellie Brown fell to the pavement at the time of the collision with her feet under the bus just in front of the right front wheel which passed over both of her legs below the knees and injured her seriously, after which the bus stopped immediately and aid was rendered.

It is our opinion that the testimony warranted the action of the trial court in overruling appellant's motion to set aside and disregard the jury's findings in question and for judgment non obstante veredicto. The trial court instructed the jury that the term "proper lookout" means "such a lookout as a person of ordinary care would have kept under the same or similar circumstances." The jury, in the exercise of its fact-finding functions, was justified in concluding that an ordinarily prudent person walking across a busy street on a green light would glance to the left, at least, from which traffic may be coming on that busy one-way street to ascertain whether or not any danger existed. The jury was likewise justified in believing that

an ordinarily prudent person would have observed the movements of that bus and particularly that part of it in front of Mrs. Brown and in her pathway just before the collision occurred and would have avoided a collision with it. It is our opinion that the evidence supports the findings of the jury to the effect that Nellie Brown failed to keep a proper lookout which was a proximate cause of the accident that resulted in her injuries.

Appellant takes the position, in effect, that Nellie Brown was not under any duty to keep a proper lookout as a matter of law since there was a city ordinance then in force that gave Nellie Brown the right of way over the bus at the place and time of the collision. The said city ordinance states that:

"Vehicular traffic facing the signal may proceed straight through or turn right or left unless a sign at such place prohibits either or both such turns. But vehicular traffic shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection at the time such signal is exhibited."

■ We do not agree wth appellant's position in this matter. It is our oponion that the mere fact that a person has the right of way under a statute or ordinance does not excuse him from keeping a proper lookout for his own safety and the safety of others. In the case of Checker Cab Co. v. Wagner, Tex.Civ.App., 199 S.W.2d 791, 792, the rule is well stated in the following language:

"Although there is conflict of authority in other jurisdictions (see Annotations 89 A.L.R. 838; 136 A.L.R. 1497) the weight of authority and the settled rule in this State is that 'The right of way rule is not absolute but relative, and subject to the qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others.' Lewis v. Martin, Tex.Civ.App., 120 S.W. 2d 910, 912, Wr. Ref.; Sherwin-Williams Co. of Texas v. Delahoussaye, Tex.Civ. App., 124 S.W.2d 870, Wr. Dis.; Cruse v. Chacon, Tex.Civ.App., 67 S.W.2d 399, Wr. Dis."

The questions here raised are very thoroughly discussed in a similar case of Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910, 913, writ refused, handed down by this court. In that case the plaintiff (appellant) claimed he had the right of way but, nevertheless, the jury found he failed to keep a proper lookout, which was a proximate cause of his damage. This court there held that a statute giving the operator of a motor vehicle the right of way must be given a reasonable interpretation and that a law which gives the operator of a motor vehicle the right of way does not unqualifiedly relieve him of the exercise of such care as an ordinarily prudent person would exercise under the same or similar circumstances. The court then held that:

"The existence of negligence or contributory negligence is a question of fact to be determined by the jury, whose finding is conclusive if supported by the evidence. Cruse v. Chacon, supra; Harsha v. Renfro Drug Co., Tex.Civ.App., 77 S.W.2d 584. When a plaintiff is guilty of contributory negligence in failing to keep a lookout and such failure is a proximate cause of his damages, such negligence entitles the defendant to a judgment. Southland-Greyhound Lines, Inc. v. Richardson, Judge, et al., [126 Tex. 118, 86 S.W.2d 731], supra; Townsend v. Young, Tex.Civ.App., 114 S. W.2d 296."

That case has been many times cited with approval. The rules of law observed in that case were approved in the case of Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816. Such doctrine was also announced in the case of El Paso City Lines, Inc. v. Prieto, Tex. Civ.App., 191 S.W.2d 59, and Dedear v. James, Tex.Civ.App., 184 S.W.2d 319. In the case of Stehling v. Johnston, Tex. Civ.App., 32 S.W.2d 696, 697, writ refused, appellant contended that he had the right of way and was relieved of the duty of keeping a proper lookout but the court did not agree with such a contention and said:

"We are unable to sustain this contention, * * *. The duty rests upon every traveler to keep a lookout in all situations of which he may be aware. If he is in that

vague and elusive position of having the right of way across a city street intersection, yet he may not proceed blindly and in disregard of the dangers which common knowledge and everyday experience and observation teach us lurk in every such situation. Having such right of way may give the traveler a certain technical legal status of superiority over his fellows thereabouts, but as a practical matter it gives him but scant assurance of safety from the recklessness or carelessness of others not so positioned and knowing or caring but little for his technical advantage. He is still under the duty of protecting himself from such heedless acts of others as may be anticipated or foreseen from his point of vantage, whatever and wherever it is."

Under the record and according to these and many other such authorities, it is our opinion that the question of whether or not Nellie Brown was guilty of contributory negligence was a question of fact for the jury, whose findings are conclusive since they are supported by evidence of probative force. Appellant has cited a number of authorities in support of his contention and we have read the authorities cited by him. It is our opinion that the rules of law heretofore set out by us are fully recognized in the case of Norris Bros., Inc. v. Mattinson, Tex.Civ.App., 145 S.W.2d 204, cited by appellant. Other cases cited by him are distinguishable from the one at bar under the facts or the jury findings are different from those in the case at bar.

In this case the jury also found that appellee's bus operator was not guilty of negligence in his failure to yield the right of way to Nellie Brown and probably did so because the evidence shows a part of the bus had crossed the pedestrians' lane before Nellie Brown arrived. This finding is not at all controlling in the case.

Appellant further charges that the trial court erred in holding that Nellie Brown was guilty of negligence as a matter of law in her failure to stop and allow the bus to continue to turn from Field Street onto Wood Street at the time and on the occasion in question and in her failure to wait until the bus had cleared the intersection before she attempted to proceed across the street. The jury found that she failed to do both but that neither was negligence. The record does not disclose that the trial court held either of such failures on the part of Nellie Brown to be negligence as a matter of law and appellant does not point out any such holdings by the trial court. It is our opinion that the trial court's judgment was rendered against appellant solely and only on the findings of the jury to the effect that Nellie Brown failed to keep a proper lookout at the time and place in question and that such failure proximately caused the accident that resulted in her injuries. Appellant's points to the contrary are overruled.

A careful examination of the record and the assignments of error reveals no reversible error. Appellant's points are all overruled and the judgment of the trial court is affirmed.