**ALLEN v. DE WINNE et ux.**

No. 12628.

Court of Civil Appeals of Texas.
San Antonio.

May 12, 1954.

Rehearing Denied June 9, 1954.

Glosserman & Pfeil, Moursund, Ball, Bergstrom & Barrow, San Antonio, for appellant.

Solomon Casseb, Jr., James M. Gilliland, San Antonio, for appellees.

POPE, Justice.

This is an appeal from a judgment for the plaintiffs, Mr. and Mrs. DeWinne, for damages arising out of an automobile intersection collision. The court disregarded the findings with reference to the plaintiff's contributory negligence and gave judgment ·for the plaintiffs for $3,416.80.

In passing on whether the trial court properly disregarded the jury finding of negligence on the part of the plaintiff, we have a two-fold problem: (1) Was there evidence to support the jury finding of failure to keep a proper lookout? and (2) if ·so, was the plaintiff under any legal duty to keep a lookout for a defendant who was violating the plaintiff's right of way, and was going the · wrong way on a one-way street?

Plaintiffs, Mr. and Mrs. DeWinne, were proceeding in an easterly direction along Houston Street in San Antonio, with Mr. DeWinne driving the vehicle. Houston Street is a one-way street. Some of the evidence showed that the plaintiffs were proceeding along the left of the center stripe. Defendant, Allen, was proceeding in a southerly direction along San Saba ·Street and was approaching the intersection to Mr. DeWinne's left. He was traveling in the wrong direction on a one-way street. The collision occurred at night and the lights on both vehicles were burning. Both streets are thirty-eight feet wide. The jury found that the drivers of both vehicles were free from negligence with reference to the speed of their vehicles and control. Neither was negligent in entering the intersection with respect to speed. Both vehicles were moving at about eighteen to twenty miles per hour. However, the jury found that the defendant, Allen, was negligent in failing to keep a proper lookout, and also that he was negligent in proceeding the wrong way along San Saba Street. Those things were also found to be a proximate cause of the accident. But the jury also found that Mr. DeWinne, the driver of plaintiffs' car was contributorily negligent in one particular—the failure to keep a proper lookout. That failure was also found to be a proximate cause of the accident.

We must view "all the testimony in the light most favorable to the verdict making such findings, and, if there is evidence of probative value to support such findings, the motion to set them aside and disregard them will be overruled. Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816; and Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224." Brown v. Dallas Ry. & Terminal Co., Tex. Civ.App., 226 S.W.2d 135, 136; Jones v. Louisiana Western Ry. Co., Tex.Com.App., 243 S.W. 976.

Plaintiff DeWinne testified that as he approached the intersection he looked to his right and saw a bus and a car that had approached the intersection on San Saba Street. The bus stopped at a stop sign at the intersection. He stated that he "glanced" to the left, and looked to the right, because traffic was coming from south to north. He said that he knew the street was one-way and for that reason he expected the traffic to approach from his right. Both plaintiffs' and defendant's cars, under an interpretation of the evidence most favorable toward defendant, Allen, were proceeding slowly at not more than twenty miles an hour. The investigating officer stated that the point of impact was in the southwest corner of the intersection at a point about eight feet from the south curb and about twelve feet from the west line of the intersection. He stated on cross-examination that the accident scattered debris all over the intersection and it could have occurred anywhere, but he located the impact as he did, because of the debris located at that particular point. From such testimony, the plaintiff had proceeded only twelve feet into the intersection when the defendant, Allen, had proceeded thirty feet. The right front of the defendant's car struck the left front of plaintiffs' car.

Under an interpretation of the evidence favorable to the defendant, the jury would have ample support in the evidence to be-

lieve that the point of impact was at the place identified by the investigating officer. The street, being thirty-eight feet wide, the evidence supports an inference that defendant's vehicle was already eighteen feet into the intersection at the time the plaintiff first entered it. Hence, the defendant, though coming from the wrong direction on a one-way street, would have been almost in the middle of the intersection at the time the plaintiff arrived at the intersection.

■ The most that plaintiff stated with reference to lookout was that he "glanced" to the left. He stated that he was looking at his speedometer as he proceeded across the intersection, and said that he could have stopped abruptly had he seen the other car. He did not see the car until the collision occurred. The jury had grounds, from those facts, to conclude that the glance was not an observant look; that it was fleeting, casual, inattentive, or momentary. The issue correctly inquired whether the plaintiff "kept" a lookout and whether it was a "proper" lookout. The issue was raised by the evidence, and we cannot say that the plaintiff, as a matter of law, kept a proper lookout. Triangle Motors of Dallas v. Richmond, Tex.Sup., 258 S.W.2d 60; Brown v. Dallas Ry. & Terminal Co., Tex. Civ.App., 226 S.W.2d 135; Polasek v. Gaines Bros., Tex.Civ.App., 185 S.W.2d 609; Cronk v. J. G. Pegues Motor Company, Tex.Civ.App., 167 S.W.2d 254; Scroggs v. Morgan, Tex.Civ.App., 107 S.W.2d 911; Stehling v. Johnston, Tex.Civ.App., 32 S.W.2d 696.

■ Under this statement of the facts, favorable to the defendant and in line with the jury findings, was the driver of plaintiffs' car under a duty to keep a proper lookout even for a defendant who violates a traffic law? We think so. Brown v. Dallas Ry. & Terminal Co., Tex.Civ.App., 226 S.W.2d 135, 138, states:

"It is our opinion that the mere fact that a person has the right of way under a statute or ordinance does not excuse him from keeping a proper lookout for his own safety and the safety of others. In the case of Checker Cab Co. v. Wagner, Tex.Civ.App., 199 S.W. 2d 791, 792, the rule is well stated in the following language:

"'Although there is conflict of authority in other jurisdictions (see Annotations 89 A.L.R. 838; 136 A.L.R. 1497) the weight of authority and the settled rule in this State is that 'The right of way rule is not absolute but relative, and subject to the qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others.' Lewis v. Martin, Tex.Civ. App., 120 S.W.2d 910, 912, wr. ref.; Sherwin-Williams Co. of Texas v. Delahoussaye, Tex.Civ.App., 124 S.W.2d 870, wr.dis.; Cruse v. Chacon, Tex. Civ.App., 67 S.W.2d 399, wr.dis.'"

■ Other authorities support the point. Tidy Didy Wash v. Barnett, Tex.Civ.App., 246 S.W.2d 303; Todd v. La Grone, Tex.Civ.App., 234 S.W.2d 99; Blunt v. Berning, Tex.Civ.App., 211 S.W.2d 773; Edison v. Perry-Foley Funeral Home, Tex.Civ.App., 132 S.W.2d 282; Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910. In Texas Mexican R. Co. v. Bunn, Tex.Civ. App., 264 S.W.2d 518, 529 Mr. Justice Norvell wrote: "When and under what circumstances are trial and appellate courts authorized to consider the issue as one of law? The particular facts and surroundings of each case must be considered." If, in looking to particular undisputed fact situations under all the evidence, only one inference may be drawn and as to it reasonable minds could not differ, then the court may decide as a matter of law. Jones v. Louisiana Western Ry. Co., Tex.Com. App., 243 S.W. 976. Facts may conclusively demonstrate that one could not anticipate certain kinds of dangers and negligence. Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063; Volkmer v. Curlee, Tex.Civ.App., 261 S.W.2d 870; Davis v. Younger Bros., Inc., Tex.Civ.App., 260 S.W.2d 637; Groendyke Transport Co. v. Dye, Tex.Civ.App., 259 S.W.2d 747; Kuy-

kendall v. Doose, Tex.Civ.App., 260 S.W.2d 435; Firestone Tire & Rubber Co. v. Rhodes, Tex.Civ.App., 256 S.W.2d 448; Reilly v. Buster, Tex.Civ.App., 52 S.W.2d 521, 526; Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S.W.2d 861.

The precedents holding that one is under no duty to anticipate or foresee law violations (looking to the future) are not decisions that one is under no duty to appreciate a present and existing violation, which he can see if he will but look. If, as the jury may have believed, the defendant law violator was easily seen and was almost in the middle of the street before the plaintiff came to the point of intersection, the plaintiff cannot excuse a failure to look by saying he ought not to look. Time and place are important factors. The defendant was already in the middle of the street, and the violation was not something that might happen in the future, but was a presently existing and perceivable fact, at the time plaintiff came to the intersection. Effect must be given to the findings of the jury.

■ Before the adoption of Rule 324, Texas Rules of Civil Procedure it was the practice to remand a case with instructions to the trial court to enter judgment and then to permit the losing party to file a motion for new trial. Rule 324, however, changed that practice. Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224. Under Rule 324, the party who loses in the trial court may appeal without filing a motion for new trial, and when he does so, there is no necessity for the other party to file one either. That is the situation we have before us now. In other words, the DeWinnes obtained a judgment in the trial court, and have never been called upon to file a motion for new trial asserting jury misconduct to destroy their own judgment. Under Rule 324, they are under a duty to cross-assign any error; and yet, though assigned, they have never had an opportunity to present evidence on a misconduct hearing. They claim that right in the event this court reverses, as we do, the trial court's judgment non obstante veredicto. The raising of a

counter-point that the jury was guilty of misconduct can avail the appellees nothing unless they have an opportunity to prove the misconduct. When the appellant, as here, appeals without a motion for new trial, and when that in turn deprives the appellees of the right to file a motion for new trial, the appellees are not afforded a time or place to show jury misconduct. They have been afforded no opportunity in the trial court, and they cannot present original evidence in the Court of Civil Appeals. Hence, for the limited purpose of filing and obtaining a hearing on a motion for new trial on the grounds of jury misconduct, this case is remanded. See Reid v. Associated Employers Lloyds, Tex.Civ.App., 164 S.W.2d 584.

The judgment is accordingly reversed and the cause remanded to the trial court, with instructions to render judgment on the verdict of the jury and to permit appellees to file a motion for new trial on grounds of jury misconduct, should they so desire.