Jay Hugh LANE, Appellant,

v.

DALLAS TRANSIT COMPANY, Appellee.

No. 6927.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 2, 1959.

Rehearing Denied Nov. 30, 1959.

Ely Straus, Dallas, for appellant.

Turner, White, Atwood, McLane & Francis, Dallas, for appellee.

CHAPMAN, Justice.

This is a personal injury case instituted by appellant, Jay Hugh Lane, against appellee, Dallas Transit Company to recover damages resulting from an accident wherein appellee's bus struck appellant while he was crossing Commerce Street at the intersection of Commerce and Murphy Streets in the City of Dallas. The accident took place at about 6:30 P.M., April 20, 1958. Upon a trial to the jury appellee was found to have been guilty of negligence that proximately caused appellant's injuries but appellant was also found to have failed to keep a proper lookout for his own safety, which was a proximate cause of his injuries. From such findings judgment was rendered for appellee. The case was appealed to the Court of Civil Appeals of the Fifth Supreme Judicial District at Dallas and transferred to us by order of the Supreme Court.

Murphy is a one-way street going south, dead-ending into Commerce, and the latter is a one-way street going east. Appellant was proceeding north in the crosswalk across Commerce into a green traffic signal at the time of the accident. Appellee's bus had come to a stop and had picked up a passenger prior to entering the intersection. As the signal light governing north and south traffic changed to green the bus proceeded into the intersection, making a left turn from Murphy Street into the intersection to proceed east on Commerce. The record shows that at the time of the accident appellant had proceeded approximately 16 feet from the south curb of Commerce and appellee's bus had traveled between 30 and 65 feet from the stop on Murphy to the point of impact. By seventeen points of error made from various approaches appellant has attacked the findings wherein the jury answered that he did not keep a proper lookout and that such failure was a proximate cause of the injuries, contending there was no evidence to support such findings, the evidence was insufficient and such findings were against the overwhelming weight and preponderance of the evidence.

■■■ The existence of contributory negligence is a question of fact to be determined by the jury, whose finding is conclusive if supported by the evidence. Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910 (writ refused). When a plaintiff is guilty of contributory negligence in failing to keep a proper lookout and such failure is a proximate cause of his damages, such negligence entitles the defendant to a judgment. Lewis v. Martin, supra; Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 86 S.W.2d 731 (Com.App., opinion adopted by Sup.Ct.).

The evidence shows the bus was 35 feet long and 8 feet wide, that it was going no greater than 5 miles per hour from the stopped position to the point of impact, and there were no obstructions that would have blocked appellant's view. He was struck by the left front corner of the bus

and admitted he did not see it until after he got knocked down and looked up and saw it. As he expressed it, he just "overlooked to look up at the proper time to discover that the bus was present."

The jury was charged that the term "proper lookout" means such a lookout as a person of ordinary care would have kept under the same or similar circumstances.

■ Under the testimony just related it is our opinion that the jury had the right to infer that appellant would have seen the large, slow-moving bus in front of him just before the impact if he had been keeping such a lookout as a person of ordinary care would have kept under the same or similar circumstances and that he could have either permitted it to pass first or stepped out of its way and avoided a collision with it. The circumstances shown by the extremely slow movement of the bus, together with the other circumstances related, clearly does not bring this case within the type case where even if appellant had seen the bus the accident still could not have been avoided.

■ Appellant takes the position, in effect, that since he had the right of way under a city ordinance pertaining to a pedestrian in a crosswalk he was not under any duty to keep a proper lookout. This court, in an opinion approved by the Supreme Court, has held "that the mere fact that a person has the right of way under a statute or ordinance does not excuse him from keeping a proper lookout for his own safety * * *" Brown v. Dallas Ry. & Terminal Co., Tex.Civ.App., 226 S.W.2d 135, 138 (writ refused).

■ The questions here raised requires us to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust—this, regardless of whether the record contains some evidence of probative force in support of the verdict. In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660.

It is our opinion that the evidence amply supports the findings of the jury to the effect that appellant failed to keep a proper lookout which was a proximate cause of the accident that resulted in his injuries. Accordingly, points one through seventeen are overruled.

■ In his eighteenth point appellant urges error of the court in permitting Police Officer Starks to testify concerning the view of a pedestrian attempting to cross the street at the place the accident occurred, because he was not there at the time. The officer only testified there was not anything at the scene of the accident *at the time he investigated it* that would have obstructed the view of a pedestrian, and the only objection made was that the officer said that he wasn't there at the time of the accident. Such testimony would go to the weight of the evidence rather than its admissibility and in any event, would not constitute reversible error under Rule 434, Vernon's Ann. Texas Rules. It requires no further citation of authority for us to say this point is completely without merit. (Emphasis ours)

Appellant's nineteenth point asserts error in overruling his motion for new trial wherein he urged error of the court in permitting testimony to the effect that appellant was intoxicated at a time during the month of December, 1956, more than a year prior to the accident in question because such testimony probably caused the jury to find appellant failed to keep a proper lookout and that such failure was a proximate cause of the accident and resulting injuries.

The question of intoxication of appellant at the time of the accident became an issue in the case and the jury was asked if he was under the influence of intoxicants on the occasion in question. They answered he was not.

The passenger witness, Beatrice Flowers, testified appellant "seemed to have been a little uneasy or unsteady in his walk." Police Officer Starks who investigated the accident at the scene of the impact and then followed appellant immediately to the hospital, testified there was alcohol on his breath. The record further reveals that appellant had been treated for delirium tremens in 1956 and that the most common cause for such condition is alcoholism.

Although some of the witnesses could not state whether or not appellant had liquor on his breath when he went up to him after the accident and he testified he was not drinking, the testimony of the police officer and Beatrice Flowers made a fact issue on the question.

The Fort Worth Court in McCarty v. Gappelberg, Tex.Civ.App., 273 S.W.2d 943, 946, has held that such evidence may not be received if the plaintiff is, without dispute, either sober at the time or intoxicated at the time of the accident, but that it is admissible where an issue of fact is made. The court said:

"The evidence of antecedent intemperate habits would not be direct evidence upon the actual issue (viz.: was plaintiff intoxicated at the time he was injured?), but would be evidence tending to substantiate the defendant's other proof bearing upon the plaintiff's intoxication at the material time of his accident by way of corroboration. 17 Tex.Jur., 'Evidence', p. 412, sec. 147, 'Intoxication', and p. 416, sec. 149, 'Habit'; McCormick and Ray, Texas Law of Evidence, p. 881, sec. 685, 'Intoxication'; Robinson v. Lovell, Tex. Civ.App. Galveston 1951, 238 S.W.2d 294, writ refused, n. r. e., and authorities therein cited."

The case just quoted from is an n. r. e. case, so there is no way for us to know if it is the law or not. But whether that portion just quoted is or is not approved by the Supreme Court there are other matters in the record that make appellant's point nineteen not well taken.

█ In the first place there is, in the record, much testimony on appellant's intemperate habits that are without proper objection. Secondly, appellant's counsel, in referring to appellee's counsel said: "He has protruded into this testimony as evidence that he (referring to appellant) has been a habitual drinker, and I want proof on that if it can be proven," thus inviting such testimony. Thirdly, the evidence as to appellant's previous intemperate habits was material as proof that such habits affected and would affect his earning capacity, and thus his overall damages. Our Supreme Court has held that if a plaintiff "be * * * drunken * * * the defendant ought to be permitted to prove the fact, so as to show that his earning capacity is not that of a person of ordinary endowments, mental or physical, and of ordinary habits." Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S.W. 282, 283, 1 L.R.A.,N.S., 198. Additionally, it is difficult for us to see how the record shows the jury could have been influenced by such testimony to find against appellant on his failure to keep a proper lookout which was a proximate cause of his injuries, when they found from all the testimony he was not under the influence of intoxicants. Appellant is placed in the anomalous position of contending the jury was influenced by such testimony to find against appellant on improper lookout even though they found he was not under the influence of intoxicants. In any event, when the entire record in this case having to do with appellant's intemperate habits are considered we would have to hold the testimony complained about in connection therewith, under Rule 434 V.A.T.R. did not amount to such denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Accordingly, the judgment of the trial court is in all things affirmed.