**Mattie BARNES, Appellant,**

v.

**William T. ELZA et al., Appellees.**

**No. 7009.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 27, 1960.

Harris E. Lofthus, Amarillo, for appellant.

Simpson, Adkins, Fullingim & Hankins, Amarillo, Richard E. Stokes, Jr., Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This is a suit for personal injuries brought by Mattie Barnes, appellant, against William T. Elza and Doc Coffey Pontiac, Inc., appellees, to recover for damages suffered by appellant as a result of being struck by an automobile while on the premises of the appellee Doc Coffey Pontiac, Inc. The case was submitted to a jury upon special issues. In answer to these special issues the jury found both appellee Elza, the driver of the automobile, and Mrs. Barnes, the appellant, failed to keep a proper lookout, and that such failure on the part of both parties constituted a proximate cause of the accident. The damage issues were answered favorably to Mrs. Barnes. Based upon the jury's finding of appellant's contributory negligence, the trial court entered judgment for the appellees. Appellant complains of the trial court's action in overruling its motion for new trial and in overruling its motion to render judgment non obstante veredicto.

By its first point of error, appellant raises issues of both insufficient evidence and no evidence. Appellant's other point raises only the issue of no evidence.

The accident occurred on the premises of the appellee Coffey in the late afternoon of August 29, 1959, when appellant accompanied a friend, a Mrs. Stewart, to the automobile agency for the purpose of looking at automobiles which were being offered for sale by appellee. There were several rows of cars parked on appellee's lot, and appellant was standing near one line of automobiles while her friend was seated in one of the cars in the vicinity of where appellant stood. Mr. Coffey, principal owner of the appellee corporation, was standing near Mrs. Stewart as she sat in the automobile examining it. It was at this time that Mrs. Barnes proceeded to walk across the passageway between two rows of parked cars. Just as she began walking across the passageway, appellee Elza, who was the used car manager for the agency, began backing an automobile in the direction of Mrs. Barnes. The car struck Mrs. Barnes and knocked her to the ground. She was immediately taken to the hospital where she remained under treatment until November 19, 1959.

■■ The rule of law is well established that the existence of negligence or contributory negligence is a question of fact to be determined by the jury whose finding is conclusive if supported by the evidence. Cruse v. Chacon, Tex.Civ.App., 67 S.W.2d 399; Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 86 S.W.2d 731. It is equally well established that when a plaintiff is guilty of contributory negligence and such negligence is a proximate cause of his damages, such negligence entitles a defendant to a judgment. Townsend v. Young, Tex.Civ.App., 114 S.W.2d 296; Skyline Cab Co. v. Bradley, Tex.Civ.App., 325 S.W. 2d 176; Lane v. Dallas Transit Co., Tex. Civ.App., 331 S.W.2d 821.

Our concern here is whether or not the finding of the jury is supported by the evidence. We will first direct our attention to the question of whether there is evidence of probative value which with the reasonable inferences therefrom will support the jury finding of appellant's negligence and proximate cause. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359. Mr. Coffey testified he saw Mrs. Barnes as she began to walk across the passageway and that she was looking straight ahead at him and Mrs. Stewart. He further testified, "She (Mrs. Barnes) as much walked into the car as he backed into her." Other witnesses corroborated Mr. Coffey's testimony that Mrs. Barnes did not look either to her right or left as she proceeded across the passageway, which she admitted she knew was used to drive automobiles along. Although Mrs. Barnes testified she looked to the east, the direction from which the car driven by Elza came from, she admitted she did not see the car until it was very close to her. After examining the statement of facts, we can only conclude that at best the testimony is conflicting. We are therefore of the opinion there was evidence of probative value which supports the findings of the jury. The trial court therefore did not err in refusing to set aside the findings of the jury as to appellant's negligence and proximate cause and render a judgment non obstante veredicto.

■ Having determined there was some evidence of probative value to support the jury verdict, we will examine appellant's contention that the jury verdict is against the great weight and preponderance of the evidence, or that there was insufficient evidence to support the verdict. To pass upon this question we must weigh and consider the evidence which supports the verdict and that which does not. It is our duty to set aside the judgment and remand the case only if we conclude the verdict is so contrary to the overwhelming weight of all the evidence as to be manifestly unjust. Watson v. Prewitt, Tex., 320 S.W.2d 815; In re King's Estate, 150 Tex. 662, 244 S. W.2d 660. Although the testimony is relatively short and uncomplicated, we see no

need to reiterate it here. Several witnesses for the appellees testified that when Mrs. Barnes was crossing the passageway she looked straight ahead and did not look to either side. Mrs. Barnes herself contradicted this testimony. We have before us a case in which the testimony is merely conflicting. After considering all of the evidence, we are of the opinion there is sufficient evidence to support the jury verdict. We can not say a manifest injustice has been done or that the verdict is clearly wrong.

Finding no reversible error, the judgment of the trial court is affirmed.