**WARD COUNTY WATER IMPROVEMENT DISTRICT NO. 2, Appellant,**

v.

**BILDON FARMS, INC., Appellee.**

**No. 5751.**

Court of Civil Appeals of Texas.

El Paso.

Jan. 26, 1966.

Rehearing Denied Feb. 23, 1966.

L. Holt Magee, Monahans, Johnson & Dionne, Ft. Stockton, for appellant.

A. R. Archer, Jr., Monahans, Garland Casebier, Midland, for appellee.

CLAYTON, Justice.

Appellee herein acknowledges that the statement of the nature and result of this

case as made by appellant herein is correct. That statement is as follows:

"Appellee BILDON FARMS, INC., brought this suit as plaintiff against Appellant WARD COUNTY WATER IMPROVEMENT DISTRICT NO. TWO as defendant in the District Court of Ward County. The case was tried upon Appellee Bildon Farms' Fourth Amended Original Petition and Appellant Ward County Water Improvement District No. Two's Third Amended Original Answer. The issues as made by the pleadings were as follows:

"Appellee Bildon Farms alleged that in the year 1961 it was engaged in growing a milo maize crop on a 600 acre farm it had under lease in Ward County, Texas, within the boundaries of Appellant Ward District Two, which was a water improvement district created and existing under the laws of Texas, and that it contracted with the Appellant District to furnish it irrigation water for use on its crop in the spring and summer of 1961, which water was to be supplied by Red Bluff Water Power Control District to Appellant, which in turn would deliver it to Appellee. It further alleged that during a certain ten day period Appellant delivered to it water that was not 'Red Bluff' water, that such water was accretionary water that did not come from the Red Bluff Reservoir, that it was of 'markedly inferior quality' to 'Red Bluff' water, that it was of such high saline content that it destroyed a part of Appellee's grain crop, and that Appellant was liable to it for the value of the crop so destroyed because Appellant District had negligently furnished it with such accretionary water.

"Appellant District defended on the ground that the water it delivered to Appellee Bildon Farms came from the Pecos River and that by statute and contract all water in the river, whether it came by release from Red Bluff reservoir or entered the river below the reservoir by accretion from storm, flood or drainage, or any other source, was 'Red Bluff' water and hence it was not liable. It further pleaded that it had no way of determining the saline content of the water prior to delivery and hence was not negligent, that the water was water released from Red Bluff Reservoir, and that in any event any loss of crops suffered by Appellee Bildon Farms was caused solely or partly by its negligence in the use of improper farming practices, which made it contributorily negligent and prevented any recovery from Appellant.

"The Trial Court overruled Appellant's motion for an instructed verdict and submitted the case to the jury on special issues based solely on negligence, contributory negligence and comparative negligence, which the jury answered by finding both parties negligent and apportioning the damages 70% against Appellant and 30% against Appellee. The Court then entered judgment against Appellant for $16,-344.81, and Appellant duly and timely filed its motion for judgment non obstante veredicto and for a new trial, and when it was overruled, perfected its appeal to this Court on December 21, 1964."

The answers to special issues submitted in this case consisted of the following: No. 1 required the jury to determine whether, between July 28th and August 9th, 1961, the period of time complained of, the appellant delivered into appellee's ditches water of a higher saline quality than Red Bluff Reservoir water from sources other than the reservoir, to which the jury answered "yes"; No. 2, conditioned upon an affirmative answer to No. 1, found that the delivery of such water was a proximate cause of the damages to appellee's grain crop; and in No. 3 the jury found that such delivery was negligence. In Special Issue No. 4 the jury found that the appellee

failed to farm its land in keeping with good husbandry at the time and place involved; and in Special Issue No. 5, found that such failure was a proximate cause of the damages to appellee's crop. In Special Issue No. 6 the jury found that the total amount of damages to the crop was $23,-349.88. Special Issue No. 7, predicated upon an affirmative answer to Special Issues 2 and 5, was submitted and answered as follows:

*"SPECIAL ISSUE NO. 7*

"What, from a preponderance of the evidence, do you find the damages, if any, to said crop was proximately caused by:

"*A.* Water of inferior quality to Red Bluff Reservoir from other sources, if any;

"*B.* Poor husbandry, if any;

"Answer in percentages of 100, if any, as to each, if any.

"ANSWER:

| | | |
|---|---|---|
| *A*: | 70 | % |
| *B*: | 30 | % " |

The court, in accordance with the jury's findings in Special Issue No. 7, rendered judgment for appellee in the amount of $16,344.81, or 70% of the total damages to the grain crop, as found by the jury, in the amount of $23,349.88. Appellant, as defendant below, objected to the submission of Special Issue No. 7 as being an issue predicated upon the theory of comparative negligence and therefore contrary to establish law in Texas. Appellant's motion for judgment n. o. v. or for a new trial repeated its objection to the court's charge and took the position that the jury's answers to Special Issues 4 and 5 established contributory negligence on the part of appellee as a matter of law, which precluded any recovery by appellee under Texas law. This objection and the position of appellant were repeated in its Points

of Error Two and Three which are before us here. We feel that the jury's findings, supported by the evidence as they are in this case, that appellee failed to farm its land in keeping with good husbandry during the time in question, in answer to Special Issue No. 4, and in answer to Special Issue No. 5, that this was a proximate cause of the damages to appellee's grain crop, established contributory negligence as a matter of law and precluded recovery, regardless of the extent to which this negligence contributed to the damage. Barnes v. Elza, 342 S.W.2d 175, 176 (Tex.Civ.App., 1960; n. w. h.):

"The rule of law is well established that the existence of negligence or contributory negligence is a question of fact to be determined by the jury whose finding is conclusive if supported by the evidence. Cruse v. Chacon, Tex. Civ.App., 67 S.W.2d 399; Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 86 S.W.2d 731. It is equally well established that when a plaintiff is guilty of contributory negligence and such negligence is a proximate cause of his damages, such negligence entitles a defendant to a judgment. Townsend v. Young, Tex.Civ. App., 114 S.W.2d 296; Skyline Cab Co. v. Bradley, Tex.Civ.App., 325 S.W. 2d 176; Lane v. Dallas Transit Co., Tex.Civ.App., 331 S.W.2d 821."

See also Valdez v. Yellow Cab Co., 260 S.W.2d 715, 717 (Tex.Civ.App., 1953; n. w. h.), and Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335 (Tex.Com.App., adopted opinion; 1939).

We should bear in mind that Special Issue No. 4, which inquired whether the jury found that appellee failed to farm the premises in question in keeping with good husbandry *at the time and place involved* confined the question purely and simply to an inquiry concerning the lack of good husbandry in the application of the water to the land during such period of

time, and did not involve other extraneous matters such as the possible failure of appellee to keep its ditches or land in sufficient repair and maintenance to adequately transport water; whether appellee failed to break the land to sufficient depth to allow adequate watering, and other matters that could have transpired throughout the year. In other words, the inquiry of the jury submitted in Special Issue No. 4 is confined to the possibility of there existing poor husbandry at the same time and co-incidental with the possibility of appellant's negligence in allowing highly saline water to enter appellee's ditches. It may be that under other circumstances and conditions Special Issue No. 7 might have been permissible under Texas law, but under the circumstances reflected in this case we can arrive at no other conclusion than that the appellee was guilty of contributory negligence, and that the jury so found. This being so, Special Issue No. 7 can be viewed in no other light than as an issue which submitted the doctrine of comparative negligence, and that its submission in this case was in error. It is clear that we do not have the doctrine of comparative negligence in Texas, except as provided by statute, which does not encompass the present action. See 40 Tex.Jur.2d 602, 603, § 97, "Contributory Negligence as absolute defense":

> "Contributory negligence is an absolute defense. The doctrine of comparative negligence, which apportions liability between the parties according to the relative degree of their negligence, does not exist in Texas, except by virtue of statute in actions between certain employers and their employees. In all other cases of injuries resulting from negligence, contributory negligence is an absolute defense, no matter how negligent the defendant may have been."

See also Alexander v. Appell Drilling Co., 290 S.W.2d 377, 380 (Tex.Civ.App., 1956, ref., n. r. e.). For an analytical discussion of comparative negligence in Texas and in other jurisdictions, see "Comparative Negligence As Applied To Contribution: The New Doctrine of 'Comparative Contribution'", Vol. 17, No. 1, Southwestern Law Journal 155 (1963).

Under the view that we take of this case, and finding Special Issue No. 7 was submitted in error, the judgment of the trial court must be reversed; and since the jury found that appellee was guilty of contributory negligence and the case has been thoroughly and fully tried, we find no justification in remanding the case, but are constrained to render judgment in favor of the appellant. Under this ruling we have considered, but do not pass on, other points of error brought to our attention.

Reversed and rendered.