**EL PASO CITY LINES, Inc., Appellant,**

v.

**D. P. DUDNEY et al., Appellees.**

No. 5085.

Court of Civil Appeals of Texas.

El Paso.

March 30, 1955.

Rehearing Denied May 4, 1955.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, Andress, Lipscomb & Peticolas, El Paso, for appellees.

McGILL, Justice.

This is a suit for damages for injuries to plaintiff's wife, brought by appellee D. P. Dudney as plaintiff against the El Paso City Lines, Inc., Gregory Dabaco and Thomas A. Fuson as defendants. The accident in which plaintiff's wife was injured occurred at the intersection of Alabama Street and Fort Boulevard in the city of El Paso. Alabama Street runs north and south and is intersected by Fort Boulevard at approximate right angles. Fort Boulevard runs east and west. Plaintiff's wife was a passenger for hire on a bus operated by the El Paso City Lines, which was traveling in a westerly direction on Fort Boulevard. An automobile owned by Thomas A. Fuson and operated by Gregory J. Dabaco was traveling north on Alabama Street when the collision occurred at the intersection. The intersection is marked with stop signs facing east on Fort Boulevard and south on Alabama Street. The defendant's bus stopped at the stop sign when it reached the east line of Alabama Street, and then started into the intersection. The car operated by Dabaco failed to stop at the south line of Fort Boulevard and crashed into the front of the bus near its front door. The testimony is conflicting as to whether the bus had come to a stop before it was struck by the automobile. Trial was to a jury, and the case was submitted on special issues. The findings were to effect that it was not apparent to the driver of the bus at the time he entered the intersection that the automobile was not going to stop before entering the intersection. However, they further found that by the exercise of that high degree of care which would be exercised by a very cautious, prudent and competent person under the same or similar circumstances it should have been apparent to the bus driver that the automobile was not going to stop before entering the intersection, and that by entering the intersection when it should have been so apparent the bus driver failed to exercise that high degree of care which would be exercised by a very cautious, prudent and competent person under the same or similar circumstances; that such failure was a proximate cause of the accident. The jury further found that the bus driver failed to keep a proper lookout for vehicles approaching the intersection in question, including the automobile driven by the defendant Dabaco, and that such failure was a proximate cause of the accident. They also found that the negligence of Dabaco just prior to the accident was not the sole proximate cause of the accident, and awarded damages in favor of plaintiff in the sum of $4,358.50. The trial court rendered judgment for this sum and on motion of defendant Thomas A. Fuson instructed a verdict in his favor.

Appellant, El Paso City Lines, Inc. has appealed and presents eight points. The first six points present the proposition that the court erred in submitting any issue to the jury relative to El Paso City Lines and refusing its motion for an instructed verdict and overruling its motion for a new trial. The argument seems to be that as a matter of law it was not negligent for the bus driver not to anticipate that the driver of the automobile would violate the law and fail to stop at the intersection after the bus had entered it and had the right of way. We construe the jury's finding No. 7 to mean that the bus driver failed to keep a proper lookout for vehicles approaching the intersection at the time when he stopped at the intersection and before he entered it. The evidence is ample to support the finding construed in this light, and it is the only reasonable construction that can be given to it since the evidence is uncontroverted that after the bus had entered the intersection the driver did see the automobile approaching. He testified that when he got to the intersection:

"* * * made my stop and started up and I saw a car coming up, going north on Alabama."

Further, that when he stopped he could not see very far down Alabama to his left because there was a dip in the street there on Alabama, and where

"you make your regular stop a car is not visible from that point. You can't see a car down in the dip."

However, Mrs. Etheline Dudney testified that she was sitting on the right-hand side of the bus next to the front seat when it stopped at the intersection and she looked out the left-hand widow and could see the car coming down in the dip. She estimated that it was going between forty and forty-five miles per hour. Juan G. Cantu testified that he was seated on the left-hand side in the first crosswise seat of the bus when the bus stopped at the intersection; that he saw the automobile about fifty or sixty feet from the stop he should have made; that as the bus driver drove the bus out into Alabama Street he was facing towards where the car was coming from. Raymond H. Duquesne testified that he was seated on the third right-hand seat of the bus; that when he first saw the car the bus was moving, that the car was about fifty feet from the sidewalk marks across the line, or about fifty feet south. This evidence was ample to support the jury finding that the bus driver failed to keep a proper lookout for vehicles approaching the intersection when he stopped the bus before entering the intersection.

 A more difficult question is whether the evidence is sufficient to support the jury's finding No. 8 that such failure was a proximate cause of the accident. Appellant vigorously contends that the bus driver could not be negligent as a matter of law in failing to anticipate that the driver of the car would violate his duty to stop at the intersection.

The latest authority to the contrary is Allen v. DeWinne, Tex.Civ.App., 268 S.W. 2d 677, 679, in which a writ of error was granted and the Court of Civil Appeals was affirmed. The rule there stated is:

" 'Although there is conflict of authority in other jurisdictions (see Annotations 89 A.L.R. 838; 136 A.L.R. 1497) the weight of authority and the settled rule in this State is that "The

right of way rule is not absolute but relative, and subject to the qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others." ' "

To the same effect is the holding of this court in El Paso City Lines, Inc. v. Prieto, Tex.Civ.App., 191 S.W.2d 59. We adhere to that ruling. The defendant's bus driver could not as a matter of law assume that Dabaco would stop at the intersection in observance of the stop sign, and upon such assumption enter the intersection. Of course he was not chargeable with notice that the driver of the other car would not keep a proper lookout; that he would be asleep; that he would fail to slow down or apply his brakes; that he would fail to change the course or direction of his vehicle or that he would fail to yield the right of way to defendant's bus. It was a question of fact whether under all the circumstances the bus driver's failure to keep a proper lookout and his entry into the intersection was a proximate cause of the accident. Had he looked he would have seen a car traveling a much-traveled thoroughfare at a comparatively high rate of speed at a distance varying from a block to fifty feet from the intersection. Since under the authorities he had no absolute right to assume that the car would stop before entering the intersection, a jury could readily find that in entering the intersection he did not act with the highest degree of care which he owed to his passengers and that his entry, under all the circumstances, together with his failure to keep a proper lookout before he entered the intersection, was a proximate cause of the accident. These points are overruled.

 The seventh point complains of the court's charge as to the amount of damages. Among the elements which the court charged that the jury might consider in fixing damages were (a) loss of earnings, if any, suffered by plaintiff's wife in the past proximately resulting from the accident; (e) the reasonable value, if any, of plaintiff's wife's reduced capacity to do physical work and earn money in the future should

they find that her capacity to so· work and earn money would in all reasonable probability be decreased and diminished by reason of the accident; (f) the reasonable value, if any, of plaintiff's wife's loss of ability to perform her accustomed duties and services of a wife in the home, which includes such aid, comfort, assistance and society of the wife in her condition at the time of the injury, as might reasonably have been expected to her husband in the circumstances and conditions of their environment. The first complaint is that this charge was unwarranted because there was no evidence of the value of the ability of the wife to perform her accustomed duties and services of a wife, including assistance, comfort and society, and that such an element was speculative. Loss of comfort and society of a wife is a proper element of damage. See Gainesville H. & W. Ry. Co. v. Lacy, 86 Tex. 244, 24 S.W. 269. Specific proof of the value of the wife's services is not necessary. Chicago R. I. & P. R. Co. v. Cleaver, 48 Tex.Civ.App. 294, 106 S.W. 721, wr. ref.; Poscner v. Long, 156 S.W. 591, this court.

■ The next objection leveled at this portion of the charge is that it permits a double recovery because loss of earnings and the reduced capacity to do physical work are included in the term "aid and assistance". The charge is not subject to this criticism. There is a distinction between the wife's capacity to work and earn money and her capacity to perform the ordinary duties of a housewife. Loss or impairment to do either is compensable. Dallas Railway & Terminal Co. v. Horton, Tex.Civ.App., 119 S.W.2d 122, wr. dis.

■ The contention that Dabaco and Fuson were on a joint enterprise is without merit. Appellee has not briefed this point. The case on which appellant relies is El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S.W.2d 187. We have carefully considered that case and find no similarity between the facts thereof and the case at bar. Here there is no evidence as to the mission Fuson or Dabaco were on at the time of the accident. The mere facts that they were both in the car, Dabaco driving and Fuson sitting in the rear seat, and that Fuson owned the car, are insufficient to raise an issue of joint enterprise.

The judgment is affirmed.