**Dena L. MYRICK et al., Appellants,**

v.

**PIONEER NATURAL GAS COMPANY, Appellee.**

No. 7459.

Court of Civil Appeals of Texas.

Amarillo.

April 19, 1965.

Stovall & Stovall, Plainview, for appellants.

Gibson; Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

NORTHCUTT, Justice.

This case is based upon common law negligence. On the night in question Henry Myrick, in attempting to turn from a dead-end street, backed into and against a gas meter maintained by appellee. As a result thereof, the gas from the meter escaped, caught fire and exploded. Henry Myrick was fatally burned and died a few days later. The surviving widow, Dena Myrick, joined by the surviving children brought this suit against appellee in the District Court of Floyd County. In a jury trial, the jury found that the appellee was not guilty of any negligence and that the deceased, Henry Myrick, was contributorily negligent and that such negligence was a proximate cause of the damage. Judgment was entered for the appellee denying the appellants any recovery. From that judgment appellants perfected this appeal.

For convenience, the plaintiffs will hereafter be referred to as appellants and the defendant as appellee. It was appellants' contention that appellee was guilty of negligence in locating its gas meter where it did as to create a dangerous hazard to the people using the driveway of Mrs. King and also using Menefee Street; in failing to place a guard around the meter; in failing to install and maintain the meter and pipes carrying gas thereto in a manner that would prevent a vehicle hitting the meter with sufficient force to cause the gas to escape therefrom; in failing to place visible warning devices upon said meter; in failing to relocate said meter; in locating the meter in a manner hazardous to the general public and in failing to provide a light or luminous markings to make visible to persons traveling the street and driveway so they could avoid contact with the same.

The case was submitted to the jury upon eleven special issues. The jury found the gas meter was not so located with reference to the roadway and driveway around the King property as to create a dangerous condition to vehicles using such roadway and driveway; that the condition as it existed at the time of the occurrence was open and obvious; that the deceased did not know the location of the meter and appreciate the danger of running into it, but by the use of ordinary care he should have known the location of the meter and in the exercise of ordinary care should have appreciated the danger of running into it; that appellee failed to place a guard around the meter but that was not negligence; that appellee failed to relocate the meter after the change in Menefee Street but that such failure was not negligence; that appellee failed to paint the meter with luminous paint so as to make the same visible to persons driving upon Menefee Street, but such failure was not negligence; that the deceased failed to keep a proper lookout and that same was a proximate cause of the accident; that deceased failed to have his automobile under proper control and that negligence was a proximate cause of the accident; that the deceased at the time of the accident had sufficient control of his faculties and that the event was not the result of an unavoidable accident. The jury also found appellants were not entitled to any damage.

Appellants present this appeal upon three points of error. The first point contends the court erred in permitting counsel for appellee to interrogate Mrs. Myrick pertaining to the intemperate habits of her husband, Henry Myrick, since there were no pleadings and no competent evidence raising an issue whether Mr. Myrick was intoxicated at the time of the occurrence in question; no connecting facts, circumstances, or reasonable inferences that prior intemperate habits or drinking by Mr. Myrick had any bearing or influence on his physical condition at the time of the occurrence in question and that the same was prejudicial, inflammatory, remote in time and probably did cause the rendition of an improper verdict. Point two was the same as point one except the objection

was as to interrogating certain witnesses concerning specific actions of intoxication by Mr. Myrick. The trial court sustained appellants' objections to the admissibility of the evidence offered concerning Mr. Myrick's drinking habits, but later permitted such evidence to be introduced on the question of damages.

No objections were made as to the issues submitted to the jury. Special Issue 10 is as follows: "Do you find from a preponderance of the evidence that prior to and at the time of the event in question the deceased, H. D. Myrick, failed to have sufficient control of his faculties?" The jury answered, "No." We are unable to see how this record shows the jury could have been influenced by the testimony offered as to his previous drinking because the effect of the finding by the jury that he had sufficient control of his faculties is contrary to the contention that his condition did or might have contributed to the accident in question.

█ There is no question raised in this case as to the sufficiency of the evidence to support the findings of the jury that appellee was not guilty of any negligence but that Mr. Myrick was guilty of negligence and this negligence was a proximate cause of the accident here in question. Considering this entire record as to Mr. Myrick's intemperate habits as shown by the evidence introduced, we hold the testimony complained of herein under Rule 434 Vernon's Ann. Texas Rules of Civil Procedure did not amount to such denial of the rights of appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Lane v. Dallas Transit Company, 331 S.W.2d 821 (N.R.E.). Appellants' first and second points of error are overruled.

█ As to appellants' point of error three that the court erred in permitting counsel for appellee to produce, waive and exhibit before the jury a divorce petition filed by Mrs. Myrick against Mr. Myrick in 1945, we believe all that is necessary to say is that the court refused to permit counsel to introduce into evidence the petition. We find nothing in the record to show the jury was informed of the divorce petition. The third point of error is overruled.

Judgment of the trial court is affirmed.